UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 1 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| SUBMERSIBLE SYSTEMS, INC. § | |
| § | |
| VS § | C.A. NO. B-03-020 |
| § | |
| PERFORADORA CENTRAL, S.A. de C.V. § | RULE 9(h) ADMIRALTY |

### ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

Under the application of plaintiff, United States of America, for an order appointing a substitute custodian in lieu of the U.S. Marshal in this case, and good cause appearing therefore, it is

ORDERED that Plaintiff's application is granted; and it is further

ORDERED that the U.S. Marshal for this District transfer constructive custody of the Defendant vessel, CENTRAL TONALA, its engines, tackle, boilers and appurtenances to the custody of substitute custodian, Billy Kenon, Port Isabell, Texas by and through its authorized representatives, immediately following the arrest, and it is further

ORDERED that upon the transfer of said vessel to the substitute custodian, the aforesaid substitute custodian is hereby appointed to act as substitute custodian of the defendant vessel during *custodia legis* on behalf of this Court, in place and instead of the U.S. Marshal, until further order of this Court; and it is further

ORDERED that upon transfer of constructive custody of the defendant vessel to the substitute custodian by the U.S. Marshal, the U.S. Marshal shall not be liable for any loss occurring while it remains in the custody of the substitute custodian, it is further

ORDERED that all reasonable expenditures of the U.S. Marshal shall be administrative

expenses in this action and first charge on the vessel herein, to be paid to the U.S. Marshal prior to the release of the defendant vessel or distribution of the proceeds of its sale; and it is further

ORDERED that all reasonable expenditures which may be incurred by the United States of America and the substitute custodian, or by any party advancing funds to the substitute custodian, in safekeeping and maintaining the vessels while they are in (constructive) *custodia legis*, shall be administrative expenses in this action and a first charge on the defendant vessel herein, to be paid prior to the release of the vessel or the distribution of proceeds of the sale of the vessel, said expenses, if any, to be approved by application to this court. ~~said expenses of the substitute custodian being $250.00 per day for the costs of watchmen, wharfage, fire protection and shorepower; it is further~~

~~ORDERED that during *custodia legis* the substitute custodian shall not permit repairs or changes to be made to the vessel, except for routine maintenance required for the vessel's safekeeping,~~ or ~~in emergency situations,~~ without an order of this Court.

Signed this 21st day of January, 2003.

_____
UNITED STATES DISTRICT JUDGE