18

United States District Court
Southern District of Texas
FILED

FEB 1 1 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SUBMERSIBLE SYSTEMS, INC. | § | |
| | § | |
| VS | § | C.A. NO. B-03-020 |
| | § | |
| PERFORADORA CENTRAL, S.A. de C.V. | § | RULE 9(h) ADMIRALTY |

## ANSWER TO MARITIME ATTACHMENT AND GARNISHMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now AMFELS, INC. ("AMFELS"), and files this its Answer to the Maritime Attachment and Garnishment of AMFELS by Plaintiff SUBMERSIBLE SYSTEMS, INC. pursuant to Supplemental Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and would respectfully show unto the Court as follows:

1. AMFELS would show that process and service of process on AMFELS were insufficient.

2. AMFELS would show that garnishment and attachment of property of Defendant Perforadora Central, S.A. de C.V. is not proper under Rule B of the Supplemental Admiralty and Maritime Rules of the Federal Rules of Civil Procedure in that Defendant is found within this District.

718-01/54366

3.  AMFELS would show that it has in its possession certain property of Defendant, namely that portion of a platform under construction at AMFELS' shipyard in Brownsville, Texas to which title has passed to Defendant pursuant to the terms and conditions of the governing contract between Defendant and AMFELS. Further, AMFELS would show that it has in its possession certain pieces of owner furnished equipment of Defendant delivered to AMFELS' shipyard for incorporation in the platform, title to which remains in Perforadora.

4.  AMFELS would show that under Rule B of the Supplemental Admiralty and Maritime Rules of the Federal Rules of Civil Procedure, any attempted garnishment and attachment of debts, credits, property, or other effects of Defendant held on any date other than the date and time of service of the Order of this Court Granting Writs of Maritime Attachment and Garnishment is invalid and of no force and effect as beyond the scope of garnishment and attachment permitted under Rule B.

WHEREFORE, PREMISES CONSIDERED, Garnishee AMFELS, INC. prays that the property and other effects of Defendant properly garnished and attached by Plaintiff be held by Garnishee and held subject to further order of this Court, and for such other and further relief to which Garnishee may be entitled.

718-01/54366

Respectfully submitted,

_____
RICHARD A. STANFORD
TBA NO. 19040200
FED. I.D. NO. 4942
5847 SAN FELIPE
SUITE 4600
HOUSTON, TEXAS 77057
TELEPHONE: (281) 493-4866
TELECOPIER: (281) 497-7519

ATTORNEYS FOR GARNISHEE AMFELS, INC.

## SWORN DECLARATION OF EDMUND MAH

My name is Edmund Mah. I am of sound mind, capable of making this declaration and have personal knowledge of the facts stated therein as I am the Vice President- Finance of AMFELS, INC.

I have reviewed the allegations set forth in the foregoing Answers and Objections to Maritime Attachment and Garnishment Interrogatories Propounded to AMFELS, Inc. The allegations contained in the foregoing Answers and Objections to Maritime Attachment and Garnishment Interrogatories Propounded to AMFELS, Inc. are true and correct.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE (OR CERTIFY, VERIFY, OR STATE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON FEBRUARY 11, 2003.

_____
Edmund Mah

718-01/54366

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, by certified mail, return receipt requested, or by hand delivery on the _11th_ day of February, 2003.

_____
Richard A. Stanford

718-01/54366