UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SUBMERSIBLE SYSTEMS, INC. | * | CIVIL ACTION |
| | * | |
| VS. | * | C.A. NO. B-03-020 |
| | * | |
| PERFORADORA CENTRAL, S.A. de C.V. | * | RULE 9(h) ADMIRALTY |

ANSWER OF PERFORADORA CENTRAL, S.A. de C.V.
TO THE PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Perforadora Central, S.A. de C.V. ("Perforadora"), with full reservation of its objection to the admiralty and diversity jurisdiction of this Court and with further reservation of its position that this matter should be dismissed on the ground of *forum non conveniens*, responds to the allegations in the Original Verified Complaint field by plaintiff Submersible Systems, Inc. ("SSI"), as follows:

### AFFIRMATIVE DEFENSES

#### First Defense

Plaintiff's complaint fails to state a claim or cause or a right of action against Perforadora upon which relief may be granted.

#### Second Defense

The allegations of the plaintiff's complaint attempting to bring this suit within federal admiralty jurisdiction are without color of merit and do not confer admiralty jurisdiction upon this Court.

#### Third Defense

Perforadora's contacts with the State of Texas are insufficient to confer general personal jurisdiction over Perforadora, and there is no specific jurisdiction over Perforadora because the

50593:1050717.1:031403

claims alleged did not arise out of any activity of Perforadora within the State of Texas or the United States of America.

### Fourth Defense

At all relevant times, Perforadora has been present in the Southern District of Texas within the meaning of Supplemental Admiralty Rule B, and the issuance of a Rule B order of seizure is prohibited.

### Fifth Defense

The courts of Mexico offer an adequate and available alternative forum and the most convenient forum for a full resolution of this dispute, and plaintiff's complaint should therefore be dismissed on the ground of *forum non conveniens*.

### Sixth Defense

Federal and other applicable choice-of-law rules require that Mexican law apply to all issues raised by this suit, including, but not limited to, liability and damages.

### Seventh Defense

While Perforadora denies that the plaintiff sustained any injury as alleged in its complaint, should it be found that SSI was injured under the circumstances alleged, then such loss or injury was caused by plaintiff's own fault, negligent acts or omissions, abandonment or negligent entrustment, all of which Perforadora specifically pleads as a complete and total bar to, or, alternatively in diminution of, any recovery by SSI in this action. Perforadora specifically denies that it in any way caused or contributed to or was responsible for any loss or injury allegedly sustained by SSI.

### Eighth Defense

While Perforadora denies that SSI sustained any damages or loss as alleged in the complaint, should it be found that SSI suffered damages under the circumstances alleged, then SSI's injury or loss was caused by unavoidable events for which Perforadora cannot be held legally responsible.

### Ninth Defense

While Perforadora denies that SSI sustained any injury or loss as alleged in the complaint, should it be found that SSI was injured under the circumstances alleged, then SSI's injury or loss was caused solely and completely by persons, parties or entities for whom Perforadora was and is not legally responsible, including, but not limited to, the officers and employees of SSI and those of SSI's contractor, Quantum Ingenieros, S.A. de C.V. ("Quantum").

### Tenth Defense

While Perforadora denies that SSI sustained any injury or loss as alleged in the complaint, should it be found that SSI was injured or suffered a loss under the circumstances alleged, then SSI failed to mitigate its damages by failing to make any attempts to seek redress for the alleged loss of its property before the courts of Mexico having jurisdiction over the issue, and Perfordora pleads SSI's neglect or failure to take such steps to effect the return of its equipment as a complete and total bar to, or in diminution of, any recovery by SSI in this action.

### Eleventh Defense

Perforadora never employed, supervised or controlled the actions or employees of SSI's independent contractor, Quantum.

### Twelfth Defense

While Perforadora denies that SSI sustained any injury as alleged in the complaint, should it be found that SSI was injured under the circumstances alleged, SSI's injury or loss was caused by

certain risks, all of which were plainly discoverable, observable, and well known to SSI and its president, Wolfgang Burnside, on or before the time of SSI's alleged loss or damage, and all such risks, dangers and hazards were voluntarily assumed by SSI and Wolfgang Burnside.

### Thirteenth Defense

Should any liability for SSI's alleged loss be assigned to Perforadora, such liability would not be joint and several (or solidary) with that of other parties, but only several and divisible, and any apportionment of fault among SSI, Perforadora, and any actual or potential third-party defendant should not be done on the basis of joint and several (or solidary) liability.

### Fourteenth Defense

SSI has failed to join the proper, necessary and/or indispensable parties responsible for any of the injury or loss alleged, in the suit.

### Fifteenth Defense

SSI's claim is barred by applicable statutes of limitation and by the doctrine of laches.

### Sixteenth Defense

While Perforadora specifically denies that SSI is entitled to an award of punitive or exemplary damages, Perforadora affirmatively avers that SSI is not entitled to an award for punitive or exemplary damages under the laws of Mexico, which, Perforadora contends, control all issues raised by SSI's complaint. Alternatively, SSI is not entitled to an award of punitive or exemplary damages under either the law of Texas or general maritime law.

### Seventeenth Defense

Perforadora avers as a separate and complete defense that any award to SSI of punitive or exemplary damages would be unfair, unreasonable, and unconstitutionally excessive, and would have no rational basis. Further, any such award would be violative of the Mexican Constitution, the

United States Constitution and the Texas Constitution, including but not limited to the following constitutional provisions: (a) prohibitions against excessive fines; (b) prohibitions against *ex post facto* laws; (c) prohibitions against double jeopardy; (d) requirements of due process of law; (e) requirements of equal protection of the laws; and (f) the doctrine of separation of powers.

### Eighteenth Defense

In addition, punitive damages are penal in nature and tantamount to the imposition of a criminal fine.

### Nineteenth Defense

In addition, any guidelines, standards and instructions for the imposition of punitive damages that might arguably support SSI's claim for punitive damages are vague, indefinite, uncertain, and set no limit on the damages that can be awarded and, furthermore, do not apprise the defendant of the conduct that will subject it to criminal penalties.

### Twentieth Defense

The punitive damages sought by SSI would expose Perforadora to the possibility of multiple punishment and fines for the same act.

### Twenty-First Defense

The punitive damages sought by SSI would discriminate against Perforadora on the basis of wealth, in that different amounts can be awarded for the same act against different defendants who differ only in material wealth.

## Twenty-Second Defense

In the litigation referred to in paragraphs 37 and 38 of SSI's complaint, Perforadora was awarded costs in the amount of $266,370.11, and Perforadora is entitled to a set-off in that amount against any judgment that might be rendered against it in this case.

## Twenty-Third Defense

While denying that it is liable to SSI in any respect, and denying that if it were liable to SSI such liability would exceed the value of the M/V DON FRANCISCO, Perforadora affirmatively avers that any liability assessed against it in this action would be limited to the value of the M/V DON FRANCISCO under 46 U.S.C. § 183 *et seq.* and general maritime law.

## Twenty-Fourth Defense

Reserving all of the foregoing defenses, and specifically reserving the right to contest subject matter jurisdiction, personal jurisdiction and venue on *forum non conveniens* grounds throughout this litigation and on appeal, Perforadora answers the individual allegations of SSI's complaint as follows:

1. Admits the allegations of paragraph 1.

2. Denies that Perforadora is not "found" within this district for purposes of Supplemental Rule B, but admits the remaining allegations of paragraph 2.

3. Denies that this is a case of admiralty and maritime jurisdiction in that the allegations attempting to bring this case within admiralty jurisdiction are without color of merit, denies that this Court has jurisdiction over the controversy by virtue of Supplemental Rule B, and denies the remaining allegations of paragraph 3.

4. Denies the allegations of paragraph 4.

5. Admits that Perforadora has property located within this district, but denies the remaining allegations of paragraph 5.

6. Admits that Perforadora has property located within this district, but denies the remaining allegations of paragraph 6.

7. Admits that Quantum is a corporation organized and existing under the laws of Mexico, but denies the remaining allegations of paragraph 6 for lack of information.

8. Denies the allegations of paragraph 8 for lack of information.

9. Denies the allegations of paragraph 9 for lack of information.

10. Admits that Quantum contracted with Perforadora, but denies the remaining allegations of paragraph 10.

11. Admits that Perforadora owned the M/V DON FRANCISCO and that it was dispatched to Morgan City, Louisiana, by its charterer, Quantum, but denies the remaining allegations of paragraph 10 and specifically denies that any loss allegedly sustained by SSI was in any way related to, or arose from, any activity of Perforadora in the United States or within the jurisdiction of this Court.

12. Denies the allegations of paragraph 12 for lack of information.

13. Denies the allegations of paragraph 13 for lack of information.

14. Denies the allegations of paragraph 14 for lack of information.

15. Denies the allegations of paragraph 15 for lack of information.

16. Admits the allegations of paragraph 16.

17. Denies the allegations of paragraph 17.

18. Denies the allegations of paragraph 18.

19. Admits that Perforadora moved the equipment to its facility in Del Carmen, Mexico,

when directed to do so by Petroleos Mexicanos ("Pemex"), but denies the remaining allegations of paragraph 19.

20. Denies the allegations of paragraph 20.

21. Denies the allegations of paragraph 21.

22. Denies the allegations of paragraph 22.

23. Denies the allegations of paragraph 23.

24. Denies that Perforadora was unwilling or otherwise failed to cooperate with any officials and denies the remaining allegations of paragraph 24 for lack of information.

25. Denies the allegations of paragraph 25 for lack of information.

26. Denies the allegations of paragraph 26.

27. Denies the allegations of paragraph 27 for lack of information.

28. Denies the allegations of paragraph 28 for lack of information.

29. Denies the allegations of paragraph 29 for lack of information.

30. Denies the allegations of paragraph 30 for lack of information.

31. Denies the allegations of paragraph 31 for lack of information.

32. Denies the allegations of paragraph 32.

33. Denies the allegations of paragraph 33.

34. Denies the allegations of paragraph 34.

35. Denies the allegations of paragraph 35.

36. Denies the allegations of paragraph 36.

37. Admits that a judgment in favor of SSI was vacated on appeal with instructions to dismiss the case for lack of personal jurisdiction, but denies the remaining allegations of paragraph 37.

38. Admits the allegations of paragraph 38.

39. Admits that Perforadora owns property located within this district, but denies the remaining allegations of paragraph 39.

Perforadora specifically reserves its right to amend and supplement this answer and to file such counterclaims, cross-claims, or third-party claims as it may deem appropriate upon its acquiring knowledge of additional facts.

**WHEREFORE**, Defendant, **PERFORADORA CENTRAL, S.A. DE C.V.** prays that after due proceedings, judgment be rendered in favor of Perforadora and against SSI, (a) dismissing SSI's complaint with prejudice, (b) awarding Perforadora all costs of this action, and (c) for all general and equitable relief to which Perforadora may be entitled.

Respectfully submitted,

_____
Keith N. Uhles
Texas Bar No. 20371100
Federal ID No. 1936
Royston Rayzor Vickery & Williams L.L.P.
55 Cove Circle
Brownsville, TX 78523-3509
Telephone: (956) 542-4377
Facsimile: (956) 542-4370

**OF COUNSEL:**
MILLING BENSON WOODWARD L.L.P.
James K. Irvin (La. Bar No. 7166)
Benjamin O. Schupp (La. Bar No. 21074)
Sergio J. Alarcon (La. Bar No. 24740)
909 Poydras Street, Suite 2300
New Orleans, LA 70112-1010
Telephone: (504) 569-7000
Facsimile: (504) 569-7001
**Attorneys for Perforadora Central S.A. de C.V.**

### CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing **Answer of Perforadora Central, S.A. de C.V. to the Plaintiff's Original Verified Complaint** has been served on counsel for Plaintiff, Submersible Systems, Inc. by United States Mail, postage prepaid and properly addressed, this 14th day of March, 2003.

_____
Keith N. Uhles