United States District Court
Southern District of Texas
FILED

MAY 1 2 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SUBMERSIBLE SYSTEMS, INC. | § § § | |
| VS | § | C.A. NO. B-03-020 |
| | § | |
| PERFORADORA CENTRAL, S.A. de C.V. | § | RULE 9(h) ADMIRALTY |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party: A telephone conference between the following counsel for the parties on Tuesday, April 29 at 4:00 p.m. Plaintiff, Submersible Systems, Inc., was represented by Michael H. Bagot, Jr., 650 Poydras Street, Suit 2660, New Orleans, Louisiana 70130. Defendant, Perforadora Central, S.A. de C.V., was represented by James K. Irvin, Benjamin O. Schupp and Sergio J. Alarcon, 909 Poydras Street, Suite 2300, New Orleans, Louisiana 70112.

2. List the cases related to this one that are pending in any state or federal court with the case number and court: None at this time.

3. Specify the allegation of federal jurisdiction: admiralty, 28 U.S.C. § 1333 and diversity of citizenship, 28 U.S.C. § 1332.

1

4. Name the parties who disagree and the reasons: Perforadora contests the admiralty jurisdiction as it claims that even if a conversion occurred, it occurred on land, outside the admiralty jurisdiction of the Court. Submersible vigorously contests this allegation and avers that the Fifth Circuit has previously held that any contention that the conversion is not within the admiralty jurisdiction of the federal courts is "without merit."

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted: The parties do not believe additional parties can be included at this time, although Perforadora reserves the right to add Quantum Inginerios, S.A. de C.V. as a third party defendant if it can be found.

6. List anticipated interventions: None.

7. Describe class-action issues: None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures: The parties have not made formal disclosures required by Rule 26(a) to date, but anticipate that same can be completed by June 15, 2003.

9. Describe the proposed agreed discovery plan, including:

    a. Responses to all the matters raised in Rule 26(f): Parties will address any Rule 26(f) matters by June 15, 2003.

    b. When and to whom the plaintiff anticipates it may send interrogatories: Plaintiff anticipates sending interrogatories to the defendant within thirty (30) days.

c.  When and to whom the defendant anticipates it may send interrogatories: Defendant anticipates sending interrogatories to plaintiff within sixty (60) days.

d.  Of whom and by when the plaintiff anticipates taking oral depositions: Plaintiff anticipates possibly deposing Willie Allen to perpetuate his testimony for trial if he cannot attend trial in Brownsville, Texas in December 2003. Additionally, to the extent that defendant advises that any "new" witnesses are expected to testify plaintiff may depose them. Plaintiff may also take an updated deposition of Cliff Chamblee. Plaintiff would anticipate that these depositions can be completed by end of August.

e.  Of whom and by when the defendant anticipates taking oral depositions: Defendant anticipates taking four or five depositions in Mexico by the end of July. Additionally, defendant may redepose Wolfgang Burnside and possibly depose Terri Burnside and Submersible's accountant by the end of July.

f.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports: The Court has already designated the expert deadlines of September 4, 2003 for designating plaintiff's experts and tendering the reports of plaintiff's experts. Likewise, the Court has already indicated that defendant's experts must be designated and their expert reports tendered by October 4, 2003.

    g. & h.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report): Plaintiff and defendant anticipate deposing each others' experts shortly after they provide their reports to the extent that they produce new information or opinions. Plaintiff and defendant do not anticipate the need for deposing any of their own experts unless those experts indicate that they cannot testify live at trial.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party: The parties do not anticipate any disagreement regarding discovery.

11. Specify the discovery beyond initial disclosures that has been undertaken to date: None.

12. State the date the planned discovery can reasonably be completed: The parties agree that all discovery should be completed before the November 4, 2003 deadline set by the Court.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting: The parties believe that settlement negotiations are most likely to be fruitful after the Court rules on defendant's pending *forum non conveniens* motion and/or any other dispositive motions (such as motions to dismiss for lack of admiralty jurisdiction). In that regard, plaintiff suggests that the Court may wish to set additional deadlines for the defendant to file any additional dispositive motions which it might present so that these matters can be resolved and the case can be prepared for trial or settled in a timely fashion.

14. Describe what each party has done or agreed to do to bring about a prompt resolution: To date, the parties have discussed various legal issues that exist and the timing of motion practice, hoping that after the dispositive motions are decided that the parties will be in a position to discuss settlement in a serious and productive manner.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case: The parties believe that mediation may be effectively used in this case.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge: At this time, the parties believe that this matter should be tried to an Article III judge, instead of a magistrate judge.

17. State whether a jury demand has been made and if it was made on time: No jury demand has been made.

18. Specify the number of hours it will take to present the evidence in this case: If depositions of all witnesses taken in the case when it was pending in the United District Court for the Southern District of Mississippi are introduced, the parties believe that the case can probably be presented in a total of sixteen (16) hours. Defendant hopes to produce most of its witnesses to testify in court, in which case the trial could last 24-32 hours.

19. List pending motion that could be ruled on at the initial pretrial and scheduling conference: Perforadora's Motion to Dismiss on Ground of *Forum Non Conveniens* is pending at this time. Perforadora will be filing a Motion for Leave to File a Late Reply to Submersible's opposition. Plaintiff believes this motion could be ruled upon in the initial pre-trial conference on May 23, 2003. The Secretariat of Foreign Relations of the United States of Mexico has filed a motion for leave to file an amicus brief in support of dismissal on *forum non conveniens* grounds and on the application of Mexican law. Perforadora does not believe the issues of dismissal on *forum non conveniens* grounds and choice should be ruled upon at the pre-trial conference unless prior thereto, the motion for leave is ruled upon, the amicus brief, if allowed, is filed and oral argument, if allowed, has been heard.

20. List other motions pending: While other motions are not pending at this time, Perforadora has indicated the intention of bringing at least a motion to dismiss for lack of admiralty jurisdiction.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference: In light of the previously developed record in the United States District Court for the Southern District of Mississippi, Submersible believes the Court should probably give the parties guidance as to the submission of testimony by deposition, the designation of witnesses by deposition or live testimony and similar matters which may allow the expeditious presentation of evidence. Perforadora disagrees and maintains that it should be allowed to fully present its case.

22.  List the names, bar numbers, addresses and telephone numbers of all counsel.

AGREED:

_____

MICHAEL H. BAGOT, JR.,
Attorney - In - Charge
Tex. Bar No. 1512520 (S.D. Tex. No. 13474)
THOMAS A. RAYER, JR. (La. Bar No. 20581)
**WAGNER & BAGOT, L.L.P.**
Poydras Center, Suite 2660
650 Poydras Street
New Orleans, Louisiana 70130-6105
Telephone: (504) 525-2141

AND

ARTHUR L. SCHECTER
Tex. Bar No. 17735000 (S.D. Tex. No. 1454)
MATTHEW D. SHAFFER
Tex. Bar No. 18085600 (S.D. Tex No. 8877)
DENNIS M. MCELWEE
Tex. Bar No. 13587820 (S.D. Tex. No.7490 )
**SCHECHTER, MCELWEE &
   SHAFFER, L.L.P.**
3200 Travis
Houston, Texas 77006
Telephone: (713) 524-3500

**Counsel for Submersible Systems, Inc.**

AND  _____

JAMES K. IRVIN (La. Bar No. 7166)
BENJAMIN O. SCHUPP (La. Bar No. 21074)
SERGIO J. ALARCON (La. Bar No. 24740)
**MILLING BENSON WOODWARD, L.L.P.**
909 Poydras Street, Suite 2300
New Orleans, Louisiana 70112
Telephone (504) 569-7000

7

AND

KEITH N. UHLES
Tex Bar No. 20371100 (S.D. Tex. No. 1936)
**ROYSTON, RAYZOR, VICKERY &
WILLIAMS, L.L.P.**
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509
Telephone: (956) 542-4377

**Counsel for Perforadora Central, S.A. de C.V.**

718-01/59182

8