United States District Court
Southern District of Texas
FILED

MAY 1 3 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SUBMERSIBLE SYSTEMS, INC. | § | |
| | § | |
| VS | § | C.A. NO. B-03-020 |
| | § | |
| PERFORADORA CENTRAL, S.A. de C.V. | § | RULE 9(h) ADMIRALTY |

### RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

MAY IT PLEASE THE COURT:

The Secretariat of Foreign Affairs of the United Mexican States ("The Mexican Government") has asked to file an amicus brief with respect to the *forum non conveniens* motion filed by Perforadora Central, S.A. de C.V. ("Perforadora"). Submersible Systems, Inc. ("Submersible") requests that the motion be denied.

I.   **Background**

The request for leave to file an amicus brief makes no mention of the prior litigation between the parties in this case. While the case was pending in the Fifth Circuit, the Mexican Government filed a twenty-six page amicus brief submitting arguments on (a) *forum non conveniens*, including the availability and adequacy of Mexican courts, and the private and public interest factors, (b) personal jurisdiction, and (c) the admiralty jurisdiction of the United States.

1

The instant case was filed on January 21, 2003, almost four months ago. Counsel for Perforadora was provided with the complaint the following day. Although Perforadora acknowledged through its counsel at a hearing on February 5 that it intended to bring a *forum non conveniens* motion, the motion was not filed until the April 4, 2003 deadline that had been set at the February 5 hearing. Submersible filed a timely opposition on April 23, 2003.

It was not until the Rule 26(f) conference on April 29, 2003, almost three months after counsel advised that Perforadora would file a *forum non conveniens* motion, that counsel for Perforadora advised that the Mexican government wished to file an amicus brief. Apparently, Perforadora originally believed that its *forum non conveniens* pleadings alone would convince the Court to dismiss Submersible's suit. Once it received Submersible's response, however, including evidence that Perforadora itself has filed suits in this and other U.S. courts and requested the application of U.S. law for torts occurring in Mexican waters, Perforadora apparently decided to petition the Mexican Government again for assistance. Mexico then weighed in on this private dispute.[1] However, despite the facts that it (a) has previously already briefed the *forum non conveniens* issue to the Fifth Circuit and (b) Submersible had already filed its only response of right when it was advised that the Mexican Government wished to file an amicus brief, the Mexican Government has incredibly requested another thirty (30) days in which to file an amicus brief. The request is untimely and could delay this proceeding. Moreover, there is no suggestion that any

---

[1] It is not clear who will author or pay for the amicus brief. Supreme Court Rule 37(b)(6) requires that such information be provided for most amicus briefs listed with that Court. Submersible believes the same information should be provided here if this Court grants leave to file.

information that the Mexican Government can provide has not already been provided by Perforadora or that an additional brief will be helpful to this Court. Accordingly, the motion should be denied.

## II.   Law and Argument

There are no statutes or rules at the district court level related to amicus curiae briefs. See, *United States v. Gotti*, 755 F.Supp. 1157, 1158 (E.D. N.Y. 1991); *Abu Jamal v. Horn*, 2000 WL 1100784, *2 (E.D. Pa. 2000). District courts have generally applied Federal Rule of Appellate Procedure 29. *Id.* "In short, the appellate rules require *amici* to demonstrate that a proposed brief is permissible, helpful and timely." *Id.*, see also, *Sciotto v. Marple Newtown School District*, 70 F.Supp.2d 553, 555 (E.D. Pa. 1999). District courts have broad discretion with respect to amicus curiae filings. *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 82 (D. N.J. 1993); *Goldberg v. City of Philadelphia*, 1994, 1994 WL 369875, *1 (E.D. Pa. 1994); *Sciotto*, 70 F.Supp.2d at 554; *Gotti*, 755 F.Supp. at 1158.

Amicus curiae "has historically been used to describe 'an impartial individual who suggests the interpretation and status of the law, give information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another.'" *Sciotto*, 70 F.Supp.2d at 554 (quoting *Leigh v. Eagle*, 535 F.Supp. 418, 419 (M.D. Ill. 1982)). The purpose of an amicus curiae is to submit "briefing designed to supplement and assist in cases of general public interest, supplement the efforts of counsel and draw the court's attention to law that might otherwise escape consideration." *Id.* (citing *Community Assn. for Restoration of Environment v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D. Wash. 1999)).

When the parties are adequately represented and the issues are fully briefed, courts should not permit the filing of an amicus brief. *Goldberg*, at *1; *Gotti*, 755 F.Supp. at 1159. Leave is inappropriate if the amicus merely reiterates the parties' arguments. *Liberty Lincoln*, 149 F.R.D. at 83. If granting leave only creates more expense and burden on the parties when the issues have been adequately briefed, the court should deny leave. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

Here, the issue is whether trying this matter in the Southern District of Texas is so overwhelmingly inconvenient to Perforadora to justify disregarding Submersible's choice of forum. It is difficult to understand how the Mexican Government has an interest in such a fact specific inquiry unique to these parties. Indeed, claiming such an interest may suggest that the Mexican Government is not impartial at all and, therefore, should not be granted amicus status. See, *Sciotto*, 70 F.Supp. at 556; *Gotti*, 755 F.Supp. 1159; *Leigh*, 535 F.Supp. at 420; *Goldberg*, at *1.

Perforadora has briefed the issues well. The law does not allow amicus briefs to simply restate the principles in a party's brief. *Liberty Lincoln*, 149 F.R.D. at 83. Amicus briefs typically set forth some sort of policy argument. Perforadora has certainly argued policy in its motion; additional briefing on that issue is unnecessary. Further, "[w]hile policy arguments are certainly interesting and perhaps helpful at the appellate level, they are not the currency of a trial court. If policy arguments are to be the [amicus'] only contribution to this case, then the judicial process is better served if the [amicus] did not contribute at the district court level." *Sciotto*, 70 F.Supp.2d at 556. Facts and law predominate trial courts, and the aid of amicus curiae is less appropriate in the trial court than at the appellate level. *Liberty Lincoln Mercury*, 149 F.R.D. at 82. This principle is

certainly pertinent here.

Further, the request is not timely. The Court required Perforadora's motion to be filed by April 4, 2003. The Mexican Government should have requested leave by then. Indeed, the request for a thirty day delay makes it extremely unlikely that the Court can decide the *forum non conveniens* motion at the May 23, 2003 pre-trial conference or at a time that will allow the case to be tried in December 2003, as scheduled.

Moreover, if leave is granted, Submersible will now have to respond to the Mexican Government's brief, thus needlessly increasing Submersible's cost of litigation. The addition of amici (for either or both sides) weighing in on every issue at the trial court stage of litigation is unnecessarily burdensome and expensive to both the Court and the parties.

The motion should be denied.

Respectfully submitted,

_____
MICHAEL H. BAGOT, JR., Attorney - In - Charge
Tex. Bar No. 1512520 (S.D. Tex. No. 13474)
THOMAS A. RAYER, JR.
La. Bar. No. 20581
**WAGNER & BAGOT, L.L.P.**
Poydras Center, Suite 2660
650 Poydras Street
New Orleans, Louisiana 70130-6105
Telephone: (504) 525-2141
Facsimile: (504) 523-1587


AND

ARTHUR L. SCHECTER
Tex. Bar No. 17735000 (S.D. Tex. No. 1454)
MATTHEW D. SHAFFER
Tex. Bar No. 18085600 (S.D. Tex No. 8877)
DENNIS M. MCELWEE
Tex. Bar No. 13587820 (S.D. Tex. No.7490 )
**SCHECHTER, MCELWEE &
SHAFFER, L.L.P.**
3200 Travis
Houston, Texas 77006
Telephone: (713) 524-3500

**Counsel for Submersible Systems, Inc.**

### CERTIFICATE OF SERVICE

I hereby certify that on this 12 day of May, 2003, a copy of the above and foregoing pleading has been sent to all counsel of record in this action, by U.S. mail and/or telefax.

718-01/59337