**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**MAY 2 1 2003**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **SUBMERSIBLE SYSTEMS, INC.** | § | |
| | § | |
| **VS** | § | **C.A. NO.  B-03-020** |
| | § | |
| **PERFORADORA CENTRAL, S.A. de C.V.** | § | **RULE 9(h) ADMIRALTY** |

## UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY

Plaintiff, Submersible Systems, Inc. ("Submersible"), requests leave to file the attached surreply to defendant's reply memorandum in support of defendant's motion to dismiss for *forum non conveniens.* The surreply is necessary to bring to the Court's attention (a) an additional suit filed by Perforadora in the United States wherein it averred that admiralty and maritime jurisdiction of the United States existed with respect to and United States law should apply to a tort occurring in territorial waters of the State of Mexico, (b) the supplemental declaration of Enrique Garza concerning the suits filed by Perforadora in the United States and (c) information contained in the Joint Discovery/Case Management Plan filed on May 9, 2003.  Counsel for Perforadora Central, S.A. de C.V. does not object to Submersible's filing this surreply.

1

36

_(signature)_

MICHAEL H. BAGOT, JR., Attorney - In - Charge
Tex. Bar No. 1512520 (S.D. Tex. No. 13474)
THOMAS A. RAYER, JR.
La. Bar. No. 20581
**WAGNER & BAGOT, L.L.P.**
Poydras Center, Suite 2660
650 Poydras Street
New Orleans, Louisiana  70130-6105
Telephone:  (504) 525-2141
Facsimile:  (504) 523-1587

AND

ARTHUR L. SCHECTER
Tex. Bar No. 17735000 (S.D. Tex. No. 1454)
MATTHEW D. SHAFFER
Tex. Bar No. 18085600  (S.D. Tex No. 8877)
DENNIS M. MCELWEE
Tex. Bar No. 13587820 (S.D. Tex. No.7490 )
**SCHECHTER, MCELWEE &**
      **SHAFFER, L.L.P.**
3200 Travis
Houston, Texas 77006
Telephone:  (713) 524-3500

**Counsel for Submersible Systems, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this _20_ day of May, 2003, a copy of the above and foregoing

pleading has been sent to all counsel of record in this action, by telefax or by hand.

_(signature)_

## CERTIFICATE OF CONSULTATION

Defendant's counsel was consulted on May 19, 2003 and is <u>not</u> opposed to this motion.  It is therefore, UNOPPOSED.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SUBMERSIBLE SYSTEMS, INC. | § | |
| | § | |
| VS | § | C.A. NO. B-03-020 |
| | § | |
| PERFORADORA CENTRAL, S.A. de C.V. | § | RULE 9(h) ADMIRALTY |

SURREPLY TO DEFENDANT'S REPLY MEMORANDUM

MAY IT PLEASE THE COURT:

Plaintiff, Submersible Systems, Inc. ("Submersible"), submits this response to the Reply Memorandum of Perforadora Central, S.A. de C.V. ("Perforadora"), in support of Submersible's argument that it is much more convenient for both parties to try this matter, in Brownsville, Texas, than in Mexico.

I.    **Additional Suit by Perforadora**

After filing its response, Submersible located yet another suit filed by Perforadora in the U.S. District Court for the Southern District of Texas for an allision which occurred between a vessel and Perforadora's jack-up drilling rig, the GRIJALVEA. See complaint in "Perforadora Central, S.A. de C.V. v. M/V AGILE, et al.," C.A. No. 96-546 in the U.S. District Court for the Southern District of Texas, Galveston Division, attached hereto as Exhibit "M." As in the M/V ROSIE case which

1

was attached as part of Exhibit "B" to Submersible's response to Perforadora's motion to dismiss, Perforadora averred in the M/V AGILE case that the claim arising from the collision in territorial waters of the State of Mexico was within the admiralty and maritime jurisdiction of the United States and that Perforadora was entitled a maritime lien against the offending vessel and for an order allowing the vessel to be seized, condemned and sold to satisfy the decree. As the stamp on the front page of Exhibit "M" indicates, the M/V AGILE suit was filed on September 27, 1996 for an allision which occurred almost two years before, on or about September 30, 1994.

## II.    Supplemental Declaration of Enrique Garza

In its reply, Perforadora states that it "never contended in the M/V ROSIE case or any other case that United States admiralty law should be applied to a maritime tort that occurred in Mexico's territorial waters." Reply at pp. 7-8. However, as set forth in the attached suit and in the M/V ROSIE case attached previously, Perforadora contended in those cases that U.S. admiralty jurisdiction extends to torts in Mexico's territorial waters. Moreover, as the attached Supplemental Declaration of Enrique Garza (attached as Exhibit "N")[1] sets forth, any lien that would exist as the result of a collision under Mexican law would have to be asserted by filing pleadings to seize the offending vessel within one year of the date of the underlying tort. See Paragraph 11 of Exhibit "N." Given that Perforadora did not file suit against the M/V AGILE within one year and given that Perforadora did not file a pleading to seize any vessel in the M/V ROSIE suit within one year of the

---

[1] The Supplemental Declaration refers at p. 3, paragraph 15 to the record in the ROSIE suit. A certified copy of the docket sheet to that suit is attached to the affidavit of Jason Bankston, which itself is attached as Exhibit "O." Counsel expects to have the entire record available at the May 23, 2003 hearing.

collisions alleged therein, see Exhibit "N," the only law under which Perforadora could assert a lien against those vessels would be under U.S. maritime law. Of course, under U.S. maritime law, there is no prescriptive period for torts involving property, and a lien could be asserted for such damages as long as it was not barred by the doctrine of laches. *Venus Lines Agency v. CVG Intern American, Inc.*, 234 F.3d 1225, 1230 (11th Cir. 2000).

**III.    Defendant's Own Assertions Prove that the Southern District of Texas (Brownsville) is a Much More Convenient and Economic Location for Trial of this Matter.**

In the Joint Discovery/Case Management Plan recently filed with the Court, Submersible has indicated that it believes that the case could be tried in sixteen hours if the depositions of all witnesses taken in the case when it was pending in the U.S. District Court for the Southern District of Mississippi are used at trial. If it produces most of its witnesses to testify live in court, Perforadora believes that the case could last as long as twenty-four to thirty-two hours or three to four days. See Joint Discovery/Case Management Plan filed on or about May 9, 2003 at p. 5, Para. 18. In the Declaration of Enrique Garza filed with its original response, Submersible presented evidence that would take at least two to three months in the best of circumstances to present the testimony of all the witnesses involved in this matter before a Mexican court. See Enrique Declaration at p. 4, Paragraph 10. This evidence was not traduced by Perforadora in its reply. Accordingly, the evidence before the Court is that it would take a mere fraction (perhaps five percent) of the time to try the case in this Court as opposed to trying the case in a Mexican court.

3

IV.    **Prayer**

Accordingly, because Perforadora has not shown that (a) it will suffer any material inconvenience by trying the case in Brownsville and (b) the convenience of all parties weighs heavily against Submersible's choice of forum, Submersible prays that Perforadora's Motion to Dismiss on the Ground of *Forum Non Conveniens* be denied.

Respectfully submitted,

MICHAEL H. BAGOT, JR., Attorney - In - Charge
Tex. Bar No. 1512520 (S.D. Tex. No. 13474)
THOMAS A. RAYER, JR.
La. Bar. No. 20581
**WAGNER & BAGOT, L.L.P.**
Poydras Center. Suite 2660
650 Poydras Street
New Orleans, Louisiana  70130-6105
Telephone:  (504) 525-2141
Facsimile:  (504) 523-1587

AND

ARTHUR L. SCHECTER
Tex. Bar No. 17735000 (S.D. Tex. No. 1454)
MATTHEW D. SHAFFER
Tex. Bar No. 18085600  (S.D. Tex No. 8877)
DENNIS M. MCELWEE
Tex. Bar No. 13587820 (S.D. Tex. No.7490 )
**SCHECHTER, MCELWEE &**
**SHAFFER, L.L.P.**
3200 Travis
Houston, Texas 77006
Telephone:  (713) 524-3500

**Counsel for Submersible Systems, Inc.**

4

## CERTIFICATE OF SERVICE

I hereby certify that on this _20_ day of May, 2003, a copy of the above and foregoing

pleading has been sent to all counsel of record in this action, by U.S. mail and/or telefax.

718-01/59491

5



SEP 27 1996

Michael N. Milby,
Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| **PERFORADORA CENTRAL S.A. de C.V.** | * | **CIVIL ACTION** |
| | * | **NO.** G - 96 - 546 |
| **Plaintiff** | * | |
| | * | **An Admiralty and Maritime** |
| **vs.** | * | **Claim Within the Meaning** |
| | * | **of Rule 9(h)** |
| **M/V AGILE (Formerly H.O.S. AGILE)** | * | |
| **ITS ENGINES, TACKLE, APPAREL,** | * | |
| **APPURTENANCES, FURNITURE,** | * | |
| **EQUIPMENT, ETC.,** *in rem,* **AND** | * | |
| **T. BENETEE CORPORATION,** *in personam* | * | |
| | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

### I.

The Complaint of Perforadora Central S.A. de C.V. ("Perforadora") against the M/V AGILE (hereinafter "AGILE"), *in rem,* and T. Benetee Corporation ("Benetee"), *in personam,* for damages arising out of the collision of the AGILE and Perforadora's jack-up drilling rig, GRIJALVA, with respect represents:

### PARTIES

### II.

Perforadora is a corporation organized under the laws of Mexico.

### III.

The AGILE is a vessel which is now, or will be during the pendency or process herein, afloat on navigable waters of the State of Texas and within the jurisdiction of this Honorable Court.



**EXHIBIT**

M

**IV.**

Hornbeck Offshore Services owned the M/V AGILE (formerly the H.O.S. AGILE) and controlled and directed its movements from its principal place of business in Galveston, Texas at the time of the collision referenced herein.  Hornbeck Offshore Services merged with Benetee, a corporation organized and existing under and by virtue of the laws of the State of Delaware.  Benetee continues to maintain an office and do business in Galveston, Texas.  Benetee is the current owner and/or operator of the M/V AGILE and is responsible for the damages claimed herein.

SUBJECT MATTER JURISDICTION

**V.**

This Court has original jurisdiction of Perforadora's claim by virtue of 28 U.S.C. §1333 in that Perforadora's claim is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court under Rule 9(h) of the Federal Rules of Civil Procedure.

VENUE

**VI.**

Venue is proper in this District and Division pursuant to 28 U.S.C. 1391(b).  Benetee resides in this District and the AGILE is now, or soon will be, within this district being homeported in and/or operating from the Port of Galveston, Texas.

CLAIM

**VII.**

Perforadora was at all times pertinent to this litigation, and is now, the owner of the jack-up drilling rig GRIJALVA.

2

**VIII.**

On or about September 30, 1994, the supply boat AGILE was tied up to and was unloading casing on to Perforadora's jack-up drilling rig, GRIJALVA, which was then drilling on location in the Bay of Campeche, offshore Mexico.

**IX.**

The captain and crew of the AGILE were unable to control their vessel, resulting in the AGILE's twice striking GRIJALVA's Number 1 Leg.

**X.**

Upon inspection, a large dent approximately ½ to ¾ inches deep in an area of 3½ x 3' was discovered in Leg No. 1. Such a dent in a weight bearing leg is required to be repaired by applicable law regulations and safety rules.

**XI.**

Upon information and belief, the damage to Leg No. 1 of the jack-up drilling rig GRIJALVA was caused by the fault and/or unseaworthiness of the supply boat AGILE and its negligent operation by its crew and was in no way the fault of plaintiff.

**XII.**

Benetee and/or its predecessor Hornbeck Offshore Services, Inc. has been placed on notice of Perforadora's intent to hold it responsible for all damages resulting from the September 30, 1994 collision, and has been given an opportunity to inspect, and did inspect and observe, the damage and repairs.

3

## XIII.

In the process of being repaired, the GRIJALVA lost drilling time and lost profits. Perforadora reserves the right to amend this Complaint to claim the amount of such lost profits as soon as they are known.

## XIV.

Perforadora has incurred repair costs and related expenses arising out of the damage to Leg No. 1 of the GRIJALVA including, without limitation, the following:

(a)   Fabrication of patch by United Marine Enterprises, Inc. - $14,850.00

(b)   Installation of patch placed on leg, including travel of United Marine Enterprises, Inc. employees - $76,090.00

(c)   Beaumont Engineers' examination of rig and preparation of engineering plans for repairs - (amount not yet known)

(d)   Costs of required tools and machine - (amount not yet known)

(e)   Costs of materials paid for by Perforadora - (amount not yet known)

## XV.

In addition, Perforadora has incurred survey costs, port expenses, managerial and inspection charges as a direct result of the AGILE's collision with the GRIJALVA including ABS survey and approval estimated at $5,500.00. Perforadora reserves the right to amend its Complaint after its full costs incurred become known.

## XVI.

Perforadora has asserted and is entitled to assert a maritime lien on the AGILE, its engines, tackle, appurtenances, furniture, equipment, etc., *in rem,* for the sums due to plaintiff for damages

4

arising out of the collision of said vessel with the jack-up drilling rig GRIJALVA and for interest, costs and attorneys' fees.

**XVIII.**

Benetee is liable *in personam* for the entire amount of damages.

**XIX.**

All of the above premises are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**WHEREFORE**, plaintiff, Perforadora Central S.A. de C.V. prays that:

1.      Process in due form of law, according to the rules and practices of this Court, may issue against the M/V AGILE, her engines, tackle, appurtenances, furniture, equipment, etc., and against any and all persons having a claim and any interest therein, and that they be cited to appear and answer, all and singular, the matters aforesaid;

2.      Perforadora Central S.A. de C.V. may have a decree established and foreclose its maritime lien against the M/V AGILE, her engines, tackle, appurtenances, furniture, equipment, etc., for such amount as may be found due, together with interest thereon from the date of demand until paid, and attorneys' fees;

3.      The said AGILE, its engines, tackle, appurtenances, furniture, equipment, etc., be seized, condemned, and sold to satisfy the aforesaid decree;

4.      Process in due form of law issue against defendant, T. Benetee Corporation, citing it to appear and answer the Complaint herein, and after due proceedings be had, plaintiff have a judgment herein in their favor and against defendants, the M/V AGILE, her engines, tackle, appurtenances, furniture, equipment, etc. and T. Benetee Corporation jointly, severally and in solido,

5

in such amount as may be found due, together with interest thereon from date of demand until paid and attorneys' fees; and

     5.    For all equitable and general relief.

Respectfully submitted,

OF COUNSEL:

MILLING, BENSON, WOODWARD,     JAMES K. IRVIN (Texas Bar #790145)
HILLYER, PIERSON & MILLER, L.L.P.   (Attorney in Charge)
NEAL D. HOBSON (LA Bar #6885)    909 Poydras Street, Suite 2300
BENJAMIN O. SCHUPP (LA Bar #21074) New Orleans, LA 70112-1017
                                  Telecopy: (504) 569-7001

Attorneys for Perforadora Central S.A. de C.V.

**PLEASE WITHHOLD SERVICE**
**UNTIL FURTHER NOTICE:**

**M/V AGILE at**

_____
_____
_____

wp61/113084.bos:tp(#72349)

6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| PERFORADORA CENTRAL S.A. de C.V. | * | CIVIL ACTION |
| | * | |
| **Plaintiff** | * | ¹NO. _____ |
| | * | **An Admiralty and Maritime** |
| vs. | * | **Claim Within the Meaning** |
| | * | **of Rule 9(h)** |
| M/V AGILE (Formerly H.O.S. AGILE) | * | |
| ITS ENGINES, TACKLE, APPAREL, | * | |
| APPURTENANCES, FURNITURE, | * | |
| EQUIPMENT, ETC., *in rem*, AND | * | |
| T. BENETEE CORPORATION, *in personam* | * | |
| | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## A F F I D A V I T

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

  **BEFORE ME**, the undersigned Notary came

## JAMES K. IRVIN

who did depose, state and declare that:

  1. He is an attorney of the law firm of Milling, Benson, Woodward, Hillyer, Pierson & Miller, L.L.P., attorneys for defendant in the above-captioned matter.

  2. That he has read the foregoing verified Complaint and believes the allegations contained therein are true; and

  3. That such belief is based upon documents and other information provided to him by the plaintiff and by his own investigation.

            _____
              JAMES K. IRVIN

Sworn to and subscribed before me
this _____ day of _____, 1996.

_____
  **NOTARY PUBLIC**
wp61/118959.bos:tp(#72349)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SUBMERSIBLE SYSTEMS, INC. | § | |
| | § | |
| VS | § | C.A. NO.  B-03-020 |
| | § | |
| PERFORADORA CENTRAL, S.A. de C.V. | § | RULE 9(h) ADMIRALTY |

## SUPPLEMENTAL DECLARATION OF ENRIQUE GARZA RUIZ ESPARZA

Pursuant to 28 U.S.C. § 1746, I make the following supplemental declaration:

1.      Attached hereto are (1) a suit brought by Perforadora Central, S.A. de C.V. against the M/V AGILE in the United States District Court for the Southern District of Texas, Galveston Division, Civil Action No. G-96-546 (the "AGILE Suit") and (2) a suit brought by Perforadora Central, S.A. de C.V. against the M/V ROSIE and M/V GULF FLEET 70 in the United States District Court for the Eastern District of Louisiana, Civil Action No. 99-2722, Section "R" (the "ROSIE Suit");

2.      The M/V AGILE Suit was filed on September 27, 1996 for a September 30, 1994 collision between the M/V AGILE and Perforadora's drilling rig;

3.      In Subparagraphs 2 and 3 on page 5 the M/V AGILE suit, Perforadora asks that the Court issue a decree establishing that it has a maritime lien against the M/V AGILE and that the M/V AGILE be seized, condemned and sold to satisfy the decree;

```
EXHIBIT

N
```

1

4.         The M/V ROSIE suit was filed on September 7, 1999 for a September 6, 1998 collision between the M/V ROSIE and Perforadora's drilling rig and a September 12, 1998 collision between the M/V GULF FLEET 70 and the same drilling rig;

5.         The M/V ROSIE suit is the suit that I refer to in Paragraph 22 of my original declaration of this matter;

6.         In Subparagraphs 3 and 4 on page 8 of the ROSIE suit, Perforadora asks that the court issue a decree establishing that it has maritime liens against the M/V ROSIE and the M/V GULF FLEET 70 and that the court foreclose on the liens;

7.         In Subparagraph 5 and 6 on page 8 of the ROSIE suit, Perforadora asks that the M/V ROSIE and the M/V GULF FLEET 70 be seized, condemned and sold to satisfy the decree;

8.         On Page 10 of the ROSIE suit, Perforadora asks that service be withheld on the M/V ROSIE and the M/V GULF FLEET 70;

9.         The Navigation  law of the United Mexican States grants a maritime lien against an offending vessel as the result of an allision or collision;

10.        Maritime liens are described in Article 80 of the Navigation Laws of the United Mexican States;

11.        Article 82 of the Navigation Law indicates that any maritime lien asserted under Mexican law must be asserted by filing pleadings to seize the vessel within one year of the date of the underlying action giving rise to the lien;

12.        According to the AGILE suit, Perforadora did not file suit in time to assert a maritime lien under Mexican law;

13.        With respect to the ROSIE suit, that suit was filed on September 7, 1999, more than one year after the alleged collision of the M/V ROSIE with Perforadora's rig, hence, there is no maritime lien under Mexican law against that vessel;

14.        While Perforadora did assert a claim against the M/V GULF FLEET 70 by

filing suit against said vessel within one year of the alleged collision of that vessel with its rig, Perforadora withheld service on the M/V GULF FLEET 70;

15.      In addition, I have been informed that the record of the ROSIE suit in the United States District Court for the Eastern District of Louisiana contains no motion to arrest or attach the M/V GULF FLEET 70 and no indication that service was ever requested on the M/V GULF FLEET 70;

16.      Thus, because Perforadora did not move to arrest or attach the M/V GULF FLEET 70 within one year of the underlying accident, it had no claim against it for a maritime lien under Mexican law; and

17.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 16, 2003, at Mexico City, Mexico.

ENRIQUE GARZA RUIZ ESPARZA



SEP 27 1996

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **PERFORADORA CENTRAL S.A. de C.V.** | * | **CIVIL ACTION** |
| | * | **G - 96 - 546** |
| **Plaintiff** | * | **NO.** |
| | * | **An Admiralty and Maritime** |
| **vs.** | * | **Claim Within the Meaning** |
| | * | **of Rule 9(h)** |
| **M/V AGILE (Formerly H.O.S. AGILE)** | * | |
| **ITS ENGINES, TACKLE, APPAREL,** | * | |
| **APPURTENANCES, FURNITURE,** | * | |
| **EQUIPMENT, ETC.,** *in rem*, **AND** | * | |
| **T. BENETEE CORPORATION,** *in personam* | * | |
| | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

### I.

The Complaint of Perforadora Central S.A. de C.V. ("Perforadora") against the M/V AGILE (hereinafter "AGILE"), *in rem,* and T. Benetee Corporation ("Benetee"), *in personam,* for damages arising out of the collision of the AGILE and Perforadora's jack-up drilling rig, GRIJALVA, with respect represents:

### PARTIES

### II.

Perforadora is a corporation organized under the laws of Mexico.

### III.

The AGILE is a vessel which is now, or will be during the pendency or process herein, afloat on navigable waters of the State of Texas and within the jurisdiction of this Honorable Court.

**IV.**

Hornbeck Offshore Services owned the M/V AGILE (formerly the H.O.S. AGILE) and controlled and directed its movements from its principal place of business in Galveston, Texas at the time of the collision referenced herein. Hornbeck Offshore Services merged with Benetee, a corporation organized and existing under and by virtue of the laws of the State of Delaware. Benetee continues to maintain an office and do business in Galveston, Texas. Benetee is the current owner and/or operator of the M/V AGILE and is responsible for the damages claimed herein.

## SUBJECT MATTER JURISDICTION

**V.**

This Court has original jurisdiction of Perforadora's claim by virtue of 28 U.S.C. §1333 in that Perforadora's claim is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court under Rule 9(h) of the Federal Rules of Civil Procedure.

## VENUE

**VI.**

Venue is proper in this District and Division pursuant to 28 U.S.C. 1391(b). Benetee resides in this District and the AGILE is now, or soon will be, within this district being homeported in and/or operating from the Port of Galveston, Texas.

## CLAIM

**VII.**

Perforadora was at all times pertinent to this litigation, and is now, the owner of the jack-up drilling rig GRIJALVA.

2

**VIII.**

On or about September 30, 1994, the supply boat AGILE was tied up to and was unloading casing on to Perforadora's jack-up drilling rig, GRIJALVA, which was then drilling on location in the Bay of Campeche, offshore Mexico.

**IX.**

The captain and crew of the AGILE were unable to control their vessel, resulting in the AGILE's twice striking GRIJALVA's Number 1 Leg.

**X.**

Upon inspection, a large dent approximately ½ to ¾ inches deep in an area of 3½ x 3' was discovered in Leg No. 1. Such a dent in a weight bearing leg is required to be repaired by applicable law regulations and safety rules.

**XI.**

Upon information and belief, the damage to Leg No. 1 of the jack-up drilling rig GRIJALVA was caused by the fault and/or unseaworthiness of the supply boat AGILE and its negligent operation by its crew and was in no way the fault of plaintiff.

**XII.**

Benetee and/or its predecessor Hornbeck Offshore Services, Inc. has been placed on notice of Perforadora's intent to hold it responsible for all damages resulting from the September 30, 1994 collision, and has been given an opportunity to inspect, and did inspect and observe, the damage and repairs.

3

## XIII.

In the process of being repaired, the GRIJALVA lost drilling time and lost profits. Perforadora reserves the right to amend this Complaint to claim the amount of such lost profits as soon as they are known.

## XIV.

Perforadora has incurred repair costs and related expenses arising out of the damage to Leg No. 1 of the GRIJALVA including, without limitation, the following:

(a)     Fabrication of patch by United Marine Enterprises, Inc. - $14,850.00

(b)     Installation of patch placed on leg, including travel of United Marine Enterprises, Inc. employees - $76,090.00

(c)     Beaumont Engineers' examination of rig and preparation of engineering plans for repairs - (amount not yet known)

(d)     Costs of required tools and machine - (amount not yet known)

(e)     Costs of materials paid for by Perforadora - (amount not yet known)

## XV.

In addition, Perforadora has incurred survey costs, port expenses, managerial and inspection charges as a direct result of the AGILE's collision with the GRIJALVA including ABS survey and approval estimated at $5,500.00. Perforadora reserves the right to amend its Complaint after its full costs incurred become known.

## XVI.

Perforadora has asserted and is entitled to assert a maritime lien on the AGILE, its engines, tackle, appurtenances, furniture, equipment, etc., *in rem,* for the sums due to plaintiff for damages

4

arising out of the collision of said vessel with the jack-up drilling rig GRIJALVA and for interest, costs and attorneys' fees.

## XVIII.

Benetee is liable *in personam* for the entire amount of damages.

## XIX.

All of the above premises are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**WHEREFORE**, plaintiff, Perforadora Central S.A. de C.V. prays that:

1.    Process in due form of law, according to the rules and practices of this Court, may issue against the M/V AGILE, her engines, tackle, appurtenances, furniture, equipment, etc., and against any and all persons having a claim and any interest therein, and that they be cited to appear and answer, all and singular, the matters aforesaid;

2.    Perforadora Central S.A. de C.V. may have a decree established and foreclose its maritime lien against the M/V AGILE, her engines, tackle, appurtenances, furniture, equipment, etc., for such amount as may be found due, together with interest thereon from the date of demand until paid, and attorneys' fees;

3.    The said AGILE, its engines, tackle, appurtenances, furniture, equipment, etc., be seized, condemned, and sold to satisfy the aforesaid decree;

4.    Process in due form of law issue against defendant, T. Benetee Corporation, citing it to appear and answer the Complaint herein, and after due proceedings be had, plaintiff have a judgment herein in their favor and against defendants, the M/V AGILE, her engines, tackle, appurtenances, furniture, equipment, etc. and T. Benetee Corporation jointly, severally and in solido,

5

in such amount as may be found due, together with interest thereon from date of demand until paid

and attorneys' fees; and

     5.    For all equitable and general relief.

Respectfully submitted,

OF COUNSEL:

MILLING, BENSON, WOODWARD,
HILLYER, PIERSON & MILLER, L.L.P.
NEAL D. HOBSON (LA Bar #6885)
BENJAMIN O. SCHUPP (LA Bar #21074)

_____
JAMES K. IRVIN (Texas Bar #790145)
(Attorney in Charge)
909 Poydras Street, Suite 2300
New Orleans, LA 70112-1017
Telecopy: (504) 569-7001

Attorneys for Perforadora Central S.A. de C.V.

**PLEASE WITHHOLD SERVICE
UNTIL FURTHER NOTICE:**

**M/V AGILE at**

_____
_____
_____

wp61/113084.bos:tp(#72349)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PERFORADORA CENTRAL S.A. de C.V. | * | CIVIL ACTION |
| | * | |
| **Plaintiff** | * | NO. _____ |
| | * | **An Admiralty and Maritime** |
| **vs.** | * | **Claim Within the Meaning** |
| | * | **of Rule 9(h)** |
| M/V AGILE (Formerly H.O.S. AGILE) | * | |
| ITS ENGINES, TACKLE, APPAREL, | * | |
| APPURTENANCES, FURNITURE, | * | |
| EQUIPMENT, ETC., *in rem*, AND | * | |
| T. BENETEE CORPORATION, *in personam* | * | |
| | * | |
| **Defendants** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## A F F I D A V I T

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned Notary came

### JAMES K. IRVIN

who did depose, state and declare that:

1.    He is an attorney of the law firm of Milling, Benson, Woodward, Hillyer, Pierson & Miller, L.L.P., attorneys for defendant in the above-captioned matter.

2.    That he has read the foregoing verified Complaint and believes the allegations contained therein are true; and

3.    That such belief is based upon documents and other information provided to him by the plaintiff and by his own investigation.

_____
JAMES K. IRVIN

Sworn to and subscribed before me
this _____ day of _____, 1996.

_____
NOTARY PUBLIC
wp61/118959.bos:tp(#72349)

U. S. DISTRICT COURT
EASTERN DISTRICT OF LA

1999 SEP -7  A II: 39

LORETTA G. WHYTE
CLERK



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PERFORADORA CENTRAL, S.A. de C.V. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. **99-2722** |
| | * | |
| M/V ROSIE, ITS ENGINES, TACKLE, | * | SECTION-C **SECT. R MAG. 4** |
| APPAREL, APPPURTENANCES, | * | |
| FURNITURE, EQUIPMENT, ETC., *IN REM* | * | MAG. DIV. |
| AND M/V GULF FLEET 70, ITS ENGINES, | * | An Admiralty and Maritime Claim |
| TACKLE, APPAREL, APPURTENANCES, | * | Within the Meaning of Rule 9(h) |
| FURNITURE, EQUIPMENT, ETC., *IN REM*; | * | |
| TIDEWATER MARINE SERVICE, INC., | * | |
| *IN PERSONAM*, GULF FLEET SUPPLY | * | |
| VESSELS INC., *IN PERSONAM*, SOUTH | * | |
| PACIFIC FISHING INVESTMENT CO. LTD, | * | |
| *IN PERSONAM*, NAUTICA SALTAMAR, S.A. | * | |
| DE C.V., *IN PERSONAM*, AND COTEMAR, | * | |
| S.A. de C.V., *IN PERSONAM* | * | |

## VERIFIED COMPLAINT

### I.

The complaint of Perforadora Central, S.A. de C.V. (hereinafter "Central") against the M/V

ROSIE (hereinafter "ROSIE"), *in rem*, and the M/V GULF FLEET 70 (hereinafter "GULF FLEET

70"), *in rem*, and Tidewater Marine Service, Inc., *in personam*; Gulf Fleet Supply Vessels, Inc., *in*

*personam*; South Pacific Fishing Investment Co. Ltd., *in personam*; Nautica Saltamar, S.A. de C.V.;

Fee $150.00
Process
X  Dktd  CA
CtRmDep
Doc.No.

Cotemar, S.A. de C.V., *in personam*, (in personam defendants hereinafter at times collectively referred to as "Tidewater"), for damages arising out of the collision of the ROSIE and Central's jack-up drilling rig, GRIJALVA, and the collision of the GULF FLEET 70 and Central's jack-up drilling rig, GRIJALVA, with respect represents:

## PARTIES

### II.

Central is a corporation organized under the laws of Mexico.

### III.

Upon information and belief, the ROSIE is a vessel which is now, or will be during the pendency or process herein, afloat on navigable waters of the state of Louisiana and within the jurisdiction of this Honorable Court.

### IV.

The GULF FLEET 70 is a vessel which is now, or will be during the pendency or process herein, afloat on navigable waters of the state of Louisiana and within the jurisdiction of this Honorable Court.

### V.

Tidewater is a corporation organized and existing under and by virtue of the laws of the state of Louisiana. Tidewater continues to maintain an office and do business in Louisiana. Upon information and belief, Tidewater is the current owner and/or operator of the ROSIE and the GULF FLEET 70, and parent company of Gulf Fleet Supply Vessels, Inc. and South Pacific Fishing Investment Co. Ltd., and is responsible for the damages claimed herein.

2

VI.

Upon information and belief, at all times pertinent,. Nautica Saltamar, S.A. de C.V.. and Cotemar, S.A. de C.V. were acting on behalf of and or as agents for Tidewater in the operation and management of the Rosie and the Gulf Fleet 70 in Mexico and are responsible for the damages claimed herein.

## SUBJECT MATTER JURISDICTION

VII.

This Court has original jurisdiction of Central's claims by virtue of 28 U.S.C. §1333 in that Central's claims are admiralty and maritime claims within the jurisdiction of the United States and of this Honorable Court under Rule 9(h) of the Federal Rules of Civil Procedure.

## VENUE

VIII.

Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b).  Tidewater resides in this district and the ROSIE and GULF FLEET 70 are now, or soon will be, within this district.  Upon information and belief, their home port and place of operation are the port of New Orleans.

IX.

Central was at all times pertinent to this litigation, and is now, the owner of the jack-up drilling rig GRIJALVA.

## COUNT ONE

X.

On or about September 6, 1998, the supply boat ROSIE was tied up to, and was

3

unloading supplies on to. Central's jack-up drilling rig. GRIJALVA, which was then drilling on

location in the Bay of Campeche, offshore Mexico.

## XI.

The captain and crew of the ROSIE were unable to control their vessel, resulting in the

ROSIE's striking GRIJALVA's leg number 1.

## XII.

Upon inspection, a large dent inward in an area approximately one foot in diameter or

more was discovered in leg number 1 between pinholes number 1 and number 2. Such dent in a

weight-bearing leg is required to be repaired by applicable law, regulations and safety rules.

## XIII.

Upon information and belief, the damage to leg number 1 of the jack-up drilling rig

GRIJALVA was caused by the fault and/or unseaworthiness of the supply boat ROSIE and its

negligent operation by its crew and was in no way the fault of plaintiff, Central.

## XIV.

Tidewater, through defendant Nautica Saltamar, S.A. de C.V., has been placed on notice

of Central's intent to hold it responsible for all damages resulting from the September 6, 1998

collision.

## XV.

Central has will incur  repair cost and related expenses of approximately $100,000.00

arising out of the damage to leg 1 of the GRIJALVA including, without limitation, the following:

(a) fabrication of a patch to repair the areas affected in leg 1: (b) installation of  a patch placed on

the leg; (c)  examination of rig and preparation of engineering plans for repairs; (d) cost of

4

required tools and machine: (e) cost of materials paid for by Central.

### XVI.

Central has asserted and is entitled to assert a maritime lien on the ROSIE. its engines.

tackle, appurtenances, furniture. equipment, etc., *in rem*. for the sums due to plaintiff for

damages arising out of the collision of said vessel with the jack-up drilling rig GRIJALVA and

for interest. cost and attorneys' fees.

### **COUNT TWO**

### XVII.

On or about September 12. 1998, the supply boat Gulf Fleet 70 was tied up to, and was

unloading supplies on to, Central's jack-up drilling rig, GRIJALVA, which was then drilling on

location in the Bay of Campeche. offshore Mexico.

### XVIII.

The captain and crew of the Gulf Fleet 70 were unable to control their vessel, resulting in

the GULF FLEET 70's striking GRIJALVA's leg number 3.

### XIX.

Upon inspection, a large dent extending approximately two (2) or more feet laterally and

one (1) or more foot (feet) longitudinally was discovered in leg number 3 in the left side of

pinhole number 1. A six inch  long crack extending laterally from the top left corner of the

pinhole was also found.  Such a dent and crack in a weight-bearing leg is required to be repaired

by applicable law, regulations and safety rules.

### XX.

Upon information and belief, the damage to leg number 3 of the jack-up drilling rig

5

GRIJALVA was caused by the fault and/or unseaworthiness of the supply boat Gulf Fleet 70 and its negligent operation by its crew and was in no way the fault of plaintiff, Central.

### XXI.

Tidewater, through defendant Cotemar, S.A. de C.V., has been placed on notice of Central's intent to hold it responsible for all damages resulting from the September 12, 1998 collision.

### XXII.

Central has/will incur repair cost and related expenses of approximately $100,000.00 arising out of the damage to leg 3 of the GRIJALVA including, without limitation, the following: (a) fabrication of a patch to repair the areas affected in leg 3; (b) installation of a patch placed on the leg; (c) examination of rig and preparation of engineering plans for repairs; (d) cost of required tools and machine; (e) cost of materials paid for by Central.

### XXIII.

Central has asserted and is entitled to assert a maritime lien on the GULF FLEET 70, its engines, tackle, appurtenances, furniture, equipment, etc., *in rem*, for the sums due to plaintiff for damages arising out of the collision of said vessel with the jack-up drilling rig GRIJALVA and for interest, cost and attorneys' fees.

### XXIV.

Additionally, in the process of repairing legs 1 and 3, the GRIJALVA will lose drilling time and profits. Central reserves the right to amend this complaint to claim the exact amount of such lost profits as soon as they are known. These losses are estimated to approximately $50,000.00.

XXV.

In addition. Central has incurred. and will incur survey costs. port expenses, managerial and inspection charges as a direct result of the ROSIE's and the GULF FLEET 70's collisions with the GRIJALVA, including ABS survey and approval.  Central reserves the right to amend its complaint after its full cost incurred become known.

XXVI.

Tidewater Marine Service, Inc.. Gulf Fleet Supply Vessels. Inc., South Pacific Fishing Investment Co. Ltd., Nautica Saltamar. S.A. de C.V. and Cotemar, S.A. de C.V. are jointly, severally and solidarily liable *in personam* for the entire amount of damages.

XXVII.

On information and belief, ABC insurance underwriter issued the defendant vessels and corporations a policy of coverage against all liability asserted herein.  Central reserves the right to amend this claim to assert them against such underwriters when their identity is known.

XXVIII.

All the above premises are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, plaintiff, Perforadora Central, S.A. de C.V. prays that:

(1)    Process in due form of law according to the rules and practices of this Court may issue against the M/V ROSIE, her engines, tackle, appurtenances, furniture, equipment, etc., and against any and all persons having a claim and any interest therein, and that they be cited to appear and answer, all and singular, the matters aforesaid;

7

(2)     Process in due form of law according to the rules and practices of this Court may issue against the M/V GULF FLEET 70, her engines, tackle, appurtenances, furniture, equipment, etc., and against any and all persons having a claim and any interest therein, and that they be cited to appear and answer, all and singular, the matters aforesaid;

(3)     Perforadora Central, S.A. de C.V. may have a decree established and foreclose its maritime lien against the M V ROSIE, her engines, tackle, appurtenances, furniture, equipment, etc., for such amount as may be found due, together with interest thereon from the date of demand until paid, and attorneys' fees;

(4)     Perforadora Central, S.A. de C.V. may have a decree established and foreclose its maritime lien against the M V GULF FLEET 70, her engines, tackle, appurtenances, furniture, equipment, etc., for such amount as may be found due, together with interest thereon from the date of demand until paid, and attorneys' fees;

(5)     That the M/V ROSIE, her engines, tackle, appurtenances, furniture, equipment, etc., be seized, condemned, and sold to satisfy the aforesaid decree;

(6)     That the M/V GULF FLEET 70, her engines, tackle, appurtenances, furniture, equipment, etc., be seized, condemned, and sold to satisfy the aforesaid decree;

(7)     Process and due form of law issue against defendants, Tidewater Marine Service, Inc.; Gulf Fleet Supply Vessels, Inc.; South Pacific Fishing Investment Co. Ltd.; Nautica Saltamar, S.A. de C.V.; and Cotemar, S.A. de C.V. citing them to appear and answer the complaint herein, and after due proceedings be had, plaintiff have a judgment herein in their favor and against defendants, the M/V ROSIE, her engines, tackle, appurtenances, furniture, equipment, etc.; the M/V GULF FLEET 70, her engines, tackle, appurtenances, furniture,

8

equipment, etc.; Tidewater Marine Service, Inc.; Gulf Fleet Supply Vessels, Inc.; South Pacific

Fishing Investment Co. Ltd.; Nautica Saltamar, S.A. de C.V.; and Cotemar, S.A. de C.V.,

jointly, severally and *in solido*, for the amount of $250,000.00 U.S and/or in such amount as may

be found due, together with interest thereon from the date of demand until paid and attorneys'

fees; and

(8)    For all equitable and general relief.

OF COUNSEL:

MILLING BENSON WOODWARD L.L.P.

Respectfully submitted,

Neal D. Hobson (#6885)
Benjamin O. Schupp (#21074)
Sergio J. Alarcon (#24740)
909 Poydras Street - Suite 2300
New Orleans, Louisiana 70112-1010
Telephone: (504) 569-7000

Attorneys for Perforadora Central, S.A. de

C.V.



9

**PLEASE SERVE**

Tidewater Marine Service Inc.
    *through its agent for service of process*
S.O.P., Inc.
601 Poydras Street, Suite 1900
New Orleans, La. 70130

Gulf Fleet Supply Vessels, Inc.
    *Through Tidewater Marine Service Inc.*
S.O.P., Inc.
601 Poydras Street, Suite 1900
New Orleans, La. 70130

South Pacific Fishing Investment Co. Ltd.
    *Through Tidewater Marine Service Inc.*
S.O.P., Inc.
601 Poydras Street, Suite 1900
New Orleans, La. 70130

Nautica Saltamar, S.A. de C.V.
    *Through Tidewater Marine Service Inc.*
S.O.P., Inc.
601 Poydras Street, Suite 1900
New Orleans, La. 70130

Cotemar, S.A. de C.V.
    *Through Tidewater Marine Service Inc.*
S.O.P., Inc.
601 Poydras Street, Suite 1900
New Orleans, La. 70130

**PLEASE WITHHOLD SERVICE UNTIL FURTHER NOTICE**
M/V ROSIE

_____
_____
_____

M/V GULF FLEET 70

_____
_____
_____

/wp203512( 74683)

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PERFORADORA CENTRAL, S.A. de C.V. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| M/V ROSIE, ITS ENGINES, TACKLE, | * | SECTION "  " |
| APPAREL, APPPURTENANCES, | * | |
| FURNITURE, EQUIPMENT, ETC., *IN REM* | * | MAG. DIV. |
| AND M/V GULF FLEET 70, ITS ENGINES, | * | An Admiralty and Maritime Claim |
| TACKLE, APPAREL, APPURTENANCES, | * | Within the Meaning of Rule 9(h) |
| FURNITURE, EQUIPMENT, ETC., *IN REM*; | * | |
| TIDEWATER MARINE SERVICE, INC., | * | |
| *IN PERSONAM*, GULF FLEET SUPPLY | * | |
| VESSELS INC., *IN PERSONAM*, SOUTH | * | |
| PACIFIC FISHING INVESTMENT CO. LTD, | * | |
| *IN PERSONAM*, NAUTICA SALTAMAR, S.A. | * | |
| DE C.V., *IN PERSONAM* , AND COTEMAR, | * | |
| S.A. de C.V., *IN PERSONAM* | * | |

**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned notary, came SERGIO J. ALARCON, who did depose, state

and declare that:

1.    He is an attorney at the law firm of Milling Benson Woodward L.L.P., attorneys for the plaintiff in the above-captioned matter;

2.    That he has read the foregoing verified Complaint and believes the allegations contained therein are true; and

3.    That such belief is based upon documents and other information provided to him by the plaintiff and by his own investigation.

<br>

_Sergio J. Alarcon_
SERGIO J. ALARCON

Sworn to and subscribed
before me this _14_ day
of _September_, 1999.

_Benjamin C. Schupp_
NOTARY PUBLIC

My Commission expires at death

wp203516( 74683)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **SUBMERSIBLE SYSTEMS, INC.** | § | |
| | § | |
| **VS** | § | **C.A. NO.  B-03-020** |
| | § | |
| **PERFORADORA CENTRAL, S.A. de C.V.** | § | **RULE 9(h) ADMIRALTY** |

## <u>AFFIDAVIT</u>

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME**, the undersigned authority, a Notary Public in and for the Parish and State aforesaid, personally came and appeared:

### JASON P. BANKSTON,

who after being duly sworn, did depose and say that:

1.    He is a paralegal with the law firm of Wagner & Bagot, L.L.P., counsel for Submersible Systems, Inc. in this matter;

2.    He reviewed the docket sheet and the record in the matter entitled *Perforadora Central, S.A. de C.V. v. M/V ROSIE, et al.*, Civil Action No. 99-CV-2722 in the U.S. District Court for the Eastern District of Louisiana;



**EXHIBIT**

O

3.    A certified copy of the docket sheet for that case is attached hereto;

4.    The record does not contain any motion to arrest or attach the M/V GULF FLEET 70 or any indication that service was ever requested on the M/V GULF FLEET 70;

5.    The docket sheet does not refer to any motion to arrest or attach the M/V GULF FLEET 70 or any indication that service was ever requested on the M/V GULF FLEET 70; and

6.    He has read the foregoing affidavit, and it is true and correct to his personal knowledge.

_____
JASON P. BANKSTON

**Sworn to and Subscribed Before Me,**
**this  2 0   Day of May, 2003**

_____
NOTARY PUBLIC

59515

TERMED MAG-4

U.S. District Court
USDC for the Eastern District of Louisiana (New Orleans)

CIVIL DOCKET FOR CASE #: 99-CV-2722

Perforadora Cen S A v. Rosie MV, et al                    Filed: 09/07/99
Assigned to: Judge Sarah S. Vance          Jury demand: None
Demand: $250,000                           Nature of Suit:  380
Lead Docket: None                          Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 28:1333 Property Damage


PERFORADORA CENTRAL, S.A. DE         Neal Douglas Hobson
C.V.                                 504-569-7001 FAX
      plaintiff                      [COR LD NTC]
                                     Benjamin O. Schupp
                                     504-569-7001 FAX
                                     [COR]
                                     Sergio Jose Alarcon
                                     [COR]
                                     Milling Benson Woodward, LLP
                                     LL&E Center
                                     909 Poydras St.
                                     Suite 2300
                                     New Orleans, LA 70112-1010
                                     (504) 569-7000


     v.


ROSIE MV, its engines, tackle,
apparel, appurtenances,
furniture, equipment, etc., in
rem
      defendant


GULF FLEET 70 MV, its engines,
tackle, apparel, appurtenances,
furniture, equipment, etc., in
rem
      defendant


TIDEWATER MARINE SERVICE, INC.,      James K. Carroll
in personam                          504-524-9653 FAX
      defendant                      [COR LD NTC]
                                     Richard A. Fraser, III
                                     504-524-9653 FAX
                                     [COR]

CLERK'S OFFICE
A TRUE COPY
MAY 2 0 2003
Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA

Docket as of May 20, 2003 1:29 pm                    Page 1

Proceedings Include All Events.
2:99cv2722 Perforadora Cen S A v. Rosie MV, et al                    TERMED MAG-4

                                        Gelpi Sullivan Carroll
                                        Texaco Center
                                        400 Poydras Street
                                        Suite 2525
                                        New Orleans, LA 70130
                                        (504) 524-9714

                                        Pamela L. Schultz
                                        504-599-8155 FAX
                                        [COR]
                                        Frilot, Partridge, Kohnke &
                                        Clements, LC
                                        Energy Centre
                                        1100 Poydras St.
                                        Suite 3600
                                        New Orleans, LA 70163-3600
                                        (504) 599-8000

GULF FLEET SUPPLY VESSELS,              James K. Carroll
INC., in personam                       (See above)
        defendant                       [COR LD NTC]
                                        Richard A. Fraser, III
                                        (See above)
                                        [COR]

                                        Pamela L. Schultz
                                        (See above)
                                        [COR]

SOUTH PACIFIC FISHING
INVESTMENT CO. LTD, in
personam
        defendant
  [term  06/16/00]

NAUTICA SALTAMAR, S.A. DE C.V.,
in personam
        defendant
  [term  08/01/00]

personam
        defendant
  [term  08/01/00]

SEAFARER BOAT CORPORATION               James K. Carroll
        defendant                       (See above)
                                        [COR LD NTC]
                                        Richard A. Fraser, III

Docket as of May 20, 2003 1:29 pm                  Page 2

Proceedings Include All Events.
2:99cv2722 Perforadora Cen S A v. Rosie MV, et al                    TERMED MAG-4

                      (See above)
                      [COR]

                      Pamela L. Schultz
                      (See above)
                      [COR]

Proceedings Include All Events.
2:99cv2722 Perforadora Cen S A v. Rosie MV, et al                    TERMED MAG-4

```
9/7/99    1      COMPLAINT ( 5 summons(es) issued ) (cca)
                 [Entry date 09/08/99]

9/7/99    --     Payment of fee by plaintiff - Perforadora Cen S A  in
                 amount of $ 150 (cca) [Entry date 09/08/99]

10/1/99   2      RETURN OF SERVICE of summons and complaint upon defendant
                 Tidewater Marine Svc  on 9/7/99 (ijg) [Entry date 10/04/99]

10/7/99   3      RETURN OF SERVICE of summons and complaint upon defendant
                 Gulf Fleet Supply  on 9/7/99 (cca) [Entry date 10/08/99]

1/6/00    4      IMG MINUTE ENTRY( 1/4/00): ; Call Docket set 10:00 1/19/00
                 by Judge Sarah S. Vance (jas) [Entry date 01/06/00]

1/20/00   5      IMG MINUTE ENTRY( 1/19/00): ; Call Docket held 10:00 1/19/00
                 Case passed 45 days or matter will be dismissed. by Judge
                 Sarah S. Vance (jas) [Entry date 01/20/00]

3/2/00    6      ANSWER by defendants Tidewater Marine Svc & Gulf Fleet
                 Supply to complaint by plaintiff [1-1] (jd)
                 [Entry date 03/03/00]

3/23/00   7      IMG NOTICE/ORDER that case is set before Judge for call docket
                 at 10:00 4/12/00 by Clerk (jas) [Entry date 03/24/00]

4/11/00   8      Memorandum by plaintiff - Perforadora Cen S A  in
                 opposition to dismissal & req for extension of time to
                 serve remaining dfts (bb) [Entry date 04/12/00]

4/13/00   9      IMG MINUTE ENTRY( 4/12/00): ; Call Docket held 10:00 4/12/00
                 Docket passed 30 days as to the defendant, South Pacific
                 and passed 90 days as to the defendant, Nautica Saltamar
                 and Cotemar. by Judge Sarah S. Vance (jas)
                 [Entry date 04/13/00]

4/14/00   10     IMG Motion by plaintiff - Perforadora Cen S A  and ORDER for
                 issuance of letters rogatory by Judge Sarah S. Vance Date
                 Signed: 4/17/00; issd 24 letters rogatory (bb)
                 [Entry date 04/19/00] [Edit date 05/09/00]

5/5/00    11     IMG Motion by plaintiff - Perforadora Cen S A  and ORDERED that
                 the Clerk execute Letters Rogatory directed to the Superior
                 Court Justice for the Federal Dist of Mexico and the
                 Central Authority of the United States of Mexico on the USM
                 forms provided by pla's counsel in both English & Spanish
                 by Judge Marcel Livaudais   Date Signed: 5/9/00 (pck)
                 [Entry date 05/09/00]

5/19/00   12     IMG NOTICE/ORDER that case is set before Judge for call docket
                 at 10:00 6/21/00 by Clerk (jas) [Entry date 05/19/00]
```

Proceedings Include All Events.
2:99cv2722 Perforadora Cen S A v. Rosie MV, et al                    TERMED MAG-4

6/16/00   13   IMG Motion by plaintiff - Perforadora Cen S A  and ORDER to
               dismiss defendant S Pac Fishing Invst w/o prej, each pty to
               bear own costs  by Judge Sarah S. Vance Date Signed:
               6/19/00 (pck) [Entry date 06/20/00]

6/16/00   14   IMG Motion by plaintiff Perforadora Cen S A  and ORDER
               granting leave to file amd cmp adding Seafarer Boat Corp
               as a dft by Judge Sarah S. Vance Date Signed: 6/21/00 (gw)
               [Entry date 06/22/00]

6/22/00   15   PLAINTIFF'S AMENDED complaint [1-1]; adding Seafarer Boat
               Corp; 1 summons issued (gw) [Entry date 06/22/00]

6/22/00   16   IMG MINUTE ENTRY( 6/21/00): ; Call Docket held 10:00 6/21/00
               ORDERED passed 30 days to allow counsel the opportunity to
               take the appropriate action or this matter will be
               dismissed for failure to prosecute. by Judge Sarah S. Vance
               (jas) [Entry date 06/22/00]

8/1/00    17   Request by plaintiff - Perforadora Cen S A  and summons
               re-issued on orig & 1st amended complaint as to defendant
               Seafarer Boat Corp; issd 1 sms (bb) [Entry date 08/02/00]

8/1/00    18   RETURN OF SERVICE of summons and complaint & amended cmp
               upon defendant Seafarer Boat Corp  on 8/1/00 (bb)
               [Entry date 08/03/00]

8/1/00    19   IMG Motion by pla Perforadora Cen S A and ORDER that dfts
               Nautica Saltamar S A, Cotemar S A de C V be dism w/o prej,
               each pty to bear its own costs by Judge Sarah S. Vance (ijg)
               [Entry date 08/03/00]

8/8/00    20   IMG MINUTE ENTRY ( 8/8/00 )  Call Docket set 10:00 8/30/00 by
               Judge Sarah S. Vance (jas) [Entry date 08/08/00]

8/29/00   21   ANSWER by defendant Tidewater Marine Svc, defendant Gulf
               Fleet Supply, defendant Seafarer Boat Corp to amended
               complaint by plaintiff - Perforadora Cen S A [15-1] (bb)
               [Entry date 08/30/00]

9/1/00    22   IMG NOTICE/ORDER that a preliminary conference is scheduled by
               telephone before courtroom deputy at 10:15 9/14/00 by Clerk
               (jas) [Entry date 09/01/00]

9/1/00    23   IMG MINUTE ENTRY ( 8/30/00 ) ; Call Docket held, docket
               SATISFIED.  by Judge Sarah S. Vance (jas)
               [Entry date 09/05/00]

9/14/00   24   IMG MINUTE ENTRY ( 9/14/00):  Preliminary Conference held;
               amendments due within 30 days. All pretrial motions with
               the exception of motions in limine are to be filed and
               served in sufficient time to permit hearing thereon 45 days
               prior to the trial date. Pretrial conf set 3:00 4/10/01 ;
               non-jury trial (2 days) set 8:30 4/23/01 ; by Clerk. (jas)

Proceedings Include All Events.
2:99cv2722 Perforadora Cen S A v. Rosie MV, et al                    TERMED MAG-4

                    [Entry date 09/14/00]

9/21/00   25   IMG MINUTE ENTRY ( 9/20/00 ) Settlement conference set 10:00
                    3/9/01  by Magistrate Karen W. Roby (gw)
                    [Entry date 09/21/00]

10/13/00  26   IMG Motion by plaintiff - Perforadora Cen S A  and ORDER
                    extending time until 10/23/00 in which to amend pleadings
                    or join parties to the suit by Judge Sarah S. Vance Date
                    Signed: 10/16/00 (bb) [Entry date 10/17/00]

12/28/00  27   IMG Motion by plaintiff Perforadora Cen S A  and ORDER that
                    the time for filing expert reports is extended until
                    2/10/01 for the pla & 3/9/01 for the dfts by Judge Sarah
                    S. Vance Date Signed: 1/2/01 (gw) [Entry date 01/03/01]

1/9/01    28   IMG Motion by defendant Tidewater Marine Svc, defendant Gulf
                    Fleet Supply, defendant Seafarer Boat Corp  and ORDER that
                    Pamela L. Schultz be enrolled as additional counsel of
                    record by Judge Sarah S. Vance Date Signed: 1/11/01 (ck)
                    [Entry date 01/12/01]

2/5/01    29   IMG Motion by plaintiff Perforadora Cen S A, defendant
                    Tidewater Marine Svc, defendant Gulf Fleet Supply, Seafarer
                    Boat Corp and ORDER that the  trial is continued to 8:30
                    on 7/16/01 and a final Pre-Trial Conference be held at
                    3:00 on 6/26/01; trial must be reset w/in 90 days of
                    04/23/01 by Judge Sarah S. Vance Date Signed: 2/8/01 (ck)
                    [Entry date 02/08/01]

2/9/01    30   IMG MINUTE ENTRY ( 2/9/01 ): a settlement conference is reset
                    before magistrate at 10:00 5/22/01; settlement letters due
                    2 days bfr conf by Magistrate Judge Karen W. Roby (ck)
                    [Entry date 02/12/01]

3/28/01   31   IMG Motion by plaintiff - Perforadora Cen S A  and ORDER for
                    leave to file the attached copies of the expert damage
                    reports; FURTHER ORDERED that any necessary translations
                    be filed w/in 30 days from this date by Judge Sarah S.
                    Vance Date Signed: 3/29/01 (ck) [Entry date 03/30/01]

4/25/01   32   IMG Witness and Exhibit list submitted by plaintiff -
                    Perforadora Cen S A (jas) [Entry date 04/26/01]

4/25/01   33   IMG Motion by plaintiff Perforadora Cen S A and ORDER that
                    original reports of M. Martin Castillo A., filed into the
                    record be substituted for the faxed copies of the
                    affidavits originally filed by Perforadora Dentral, SA de
                    C.V. on 03/28/01 by Judge Sarah S. Vance Date Signed:
                    4/27/01 (ck) [Entry date 04/27/01]

4/27/01   34   IMG Witness and Exhibit list submitted by defendants. (jas)
                    [Entry date 04/30/01]

Docket as of May 20, 2003 1:29 pm                    Page 6

Proceedings Include All Events.
2:99cv2722 Perforadora Cen S A v. Rosie MV, et al                TERMED MAG-4

4/27/01   35   IMG Motion by defendant Tidewater Marine Svc, defendant Gulf
               Fleet Supply, defendant Seafarer Boat Corp and ORDER that
               the time for filing of defense expert reports is extended
               until 05/26/01 for the dfts by Judge Sarah S. Vance Date
               Signed: 5/3/01 (ck) [Entry date 05/03/01]

5/18/01   36   IMG Motion by plaintiff - Perforadora Cen S A, defendant
               Tidewater Marine Svc, defendant Gulf Fleet Supply  and
               ORDER that the last day to file pretrial mtns is extended
               until 06/08/01; the last day for pretrial mtns to be heard
               is extended to 06/20/01 and the discovery deadline is
               extended until 06/15/01 by Judge Sarah S. Vance Date
               Signed: 5/21/01 (ck) [Entry date 05/21/01]

5/21/01   37   IMG MINUTE ENTRY ( 05/21/01 ) Settlement conference scheduled
               for 10:00 5/22/01 before Magistrate is canceled; District
               Judge's staff has been notified to enter a dismissal with a
               retention of jurisdiction for settlement enforcement
               purposes by Magistrate Judge Karen W. Roby (dw)
               [Entry date 05/22/01]

5/22/01   38   IMG 60-DAY ORDER to dismiss case  by Judge Sarah S. Vance
               Date Signed: 5/21/01 ***CASE CLOSED*** (ck)
               [Entry date 05/22/01]

7/13/01   39   IMG Motion by plaintiff - Perforadora Cen S A, defendant
               Tidewater Marine Svc, defendant Gulf Fleet Supply,
               defendant Seafarer Boat Corp  and ORDER to dismiss case
               w/prej  by Judge Sarah S. Vance   Date Signed: 7/17/01 (ck)
               [Entry date 07/17/01]