UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SUBMERSIBLE SYSTEMS, INC., | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. B-03-020 |
| PERFORADORA CENTRAL, S.A. de C.V., | § | RULE 9(h) ADMIRALTY |
| Defendant. | § | |

United States District Court
Southern District of Texas
FILED
JUN 2 7 2003
Michael N. Milby
Clerk of Court

## THE GOVERNMENT OF MEXICO'S REPLY BRIEF

The Government of the United Mexican States respectfully submits the following Reply to Submersible Systems, Inc.'s Response to the Amicus Curiae Brief:

### A.   The Amicus Brief Does Raise Issues of International Policy and Comity

Submersible makes the astounding initial argument that the Government of Mexico did not raise any question of policy or international comity in its amicus brief. But that is exactly what Mexico did do.

This case involves an alleged tort committed in Mexican sovereign territory by Mexican citizens on a Mexican vessel owned by a Mexican corporation. Because Submersible brought the claim in a United States court and seeks the application of United States law to the dispute, the facts of the case immediately raised issues of private international law (*i.e.*, conflict of laws), the adequacy and appropriateness of Mexican tribunals, and the comity of nations. They also triggered obligations under

various treaties between Mexico and the United States. The Government of Mexico expressly addressed these issues in its amicus brief, pointing out that United States courts have frequently recognized the adequacy and appropriateness of Mexican courts and Mexican law, that Mexican law applies to facts of this case, that United States courts give effect to the doctrine of comity and hold Mexican law applicable to such facts, and that this Court should dismiss this case in favor of an appropriate Mexican court.

In its Response brief and in its Memorandum Concerning Choice of Law, Submersible renews its argument that there is no true conflict between United States and Mexican laws and that no conflict exists where a person subject to regulation by two states can comply with the laws of both. In Mexico's view this legal argument is incorrect. There is unquestionably a conflict between Mexican law and United States law for the conduct involved in this case. As Submersible itself has pointed out in its briefing, Mexican law, in contrast to United States law, would not allow the recovery of lost profits and punitive damages under the facts of this case. Such differences are not procedural, as Submersible asserts, but substantive. The Mexican laws reflect Mexico's own sovereign policy choices for alleged torts occurring within its own territory. *See Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 381 (5th Cir. 2002)("Mexico, as a sovereign nation, has made a deliberate choice in providing a specific remedy for this tort cause of action. In making this policy choice, the Mexican government has resolved a trade-off among the competing objectives and costs of tort law."), *cert. denied*, 123 S. Ct. 1928 (2003).

Moreover, the doctrine of "false conflicts" discussed in the *Hartford* case is simply inapplicable to the facts of this case. That doctrine has been described in the following terms:

> A false conflict of laws exists where the law of the pertinent jurisdictions is different, but one or more of the jurisdictions has no legitimate interest in having its law applied to the case. Stated another way, when the policy of one jurisdiction would be advanced by application of its law, and the policy of the other jurisdiction would not be advanced by the application of its law, a false conflict appears; in such a case, the law of the interested jurisdiction prevails.

16 Am. Jur. 2d *Conflict of Laws* § 135 (1998). In the present case, Mexico clearly has a legitimate interest in having its law applied to an alleged tort committed on a Mexican vessel in Mexican territorial waters by Mexican citizens employed by a Mexican corporation. None of the cases cited by Submersible is to the contrary; and the maritime cases indicate that under facts similar to those in this case, United States courts do give effect to the comity of nations and hold foreign law applicable to the alleged foreign torts:

> Maritime law, like our municipal law, has attempted to avoid or resolve conflicts between competing laws by ascertaining and valuing points of contact between the transaction and the states or governments whose competing laws are involved. The criteria, in general, appear to be arrived at from weighing of the significance of one or more connecting factors between the shipping transaction regulated and the national interest served by the assertion of authority. . . . But in dealing with international commerce we cannot be unmindful of the necessity for mutual forbearance if retaliations are to be avoided; nor should we forget that any contact which we hold sufficient to warrant application of our law to a foreign transaction will logically be as strong a warrant for a foreign country to apply its law to an American transaction.

*Lauritzen v. Larsen*, 345 U.S. 571, 582 (1953).[1]

## B. The Treaties Between Mexico and the United States Support the Dismissal of This Case

Submersible's assertion regarding the treaties between Mexico and the United States may be described as merely argumentative. While admitting that these treaties require United States courts to treat Mexican citizens in the same way as United States citizens, Submersible attempts to argue that this requirement inures to its benefit. Submersible argues that it should have the same right of access to U.S. courts and to U.S. law that Perforadora would have under similar circumstances. What Submersible seems to miss, however, is that the result of this argument is *not* to its benefit: the courts have repeatedly dismissed cases on *forum non conveniens* grounds where a Mexican citizen has brought suit against a United States company in an inappropriate United States district court for events occurring in Mexico. *See, e.g., Gonzalez v. Chrysler Corp.*, 301 F.3d 377 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 1928 (2003); *Seguros Comercial Americas S.A. de C.V. v. American President Lines, Ltd.*, 933 F. Supp. 1301 (S.D. Tex. 1996). Not

---

[1] In a footnote to its Response, and in its Response to the Motion for Leave to File the Amicus Brief, Submersible has intimated that an amicus brief must be entirely neutral and cannot advocate a point of view on the cause of action. But this description of an amicus "became outdated long ago." *Neonatology Assocs., P.A. v. Commissioner of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002). It is now recognized that the position advocated by an amicus generally will coincide with the position advocated by one or more of the parties and that "an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Id.* A glance at the amicus briefs filed with the United States Supreme Court shows this to be so. Submersible also notes that Perforadora may contribute to the payment of the costs associated with the amicus brief. However, this circumstance does not lessen the Government of Mexico's commitment to its position in this case. The Mexican Government closely reviews, approves, and authorizes the content of all the amicus filings in this case.

surprisingly, Submersible cites no authorities to the contrary. The one case cited by Submersible in its argument concerning the treaties, *Jennings v. The Boeing Co.*, 660 F. Supp. 796 (E.D. Pa. 1987), dismissed the foreign plaintiff's claims against the U.S. defendant on the ground of *forum non conveniens*. The Government of Mexico respectfully urges this Court to enforce the treaty obligations between Mexico and the United States, and treat Submersible in the same way that Mexican citizens have been treated under the same circumstances, dismissing this case on the basis of *forum non conveniens*.

- Submersible also argues that the Mexican Government's position in this case conflicts with the position it took as amicus in *Corporacion Mexicana de Servicios Maritimos, S.A. de C.V. v. M/T Respect*, 89 F.3d 650 (9th Cir. 1996). Submersible appropriately confines this argument to a lengthy footnote because the argument is utterly without merit. Even a quick reading of Mexico's amicus brief in that case (which is attached to Submersible's Response as Exhibit B) shows that there is no conflict between the position taken by Mexico in that case and the position taken in the present case. In *Corporacion Mexicana*, a Mexican governmental agency owned a cargo of diesel fuel and entered into contracts in Mexico for a vessel to transport the cargo between Mexican ports. It was discovered in Mexico that the diesel cargo was contaminated, and the parties entered into a written agreement in Mexico to resolve their dispute in Mexico. After the agreement was signed, however, the vessel fled Mexico for the United States with the Mexico-owned cargo on board. Part of the

5

reason for fleeing was to avoid the Mexican legal system. After a suit was filed in a United States district court, the district judge dismissed the case for lack of jurisdiction under the Foreign Sovereign Immunities Act.

On appeal, the appellants argued that the United States was the appropriate forum to decide the purely Mexican dispute. They argued that "their illegal act of transporting [the Mexican governmental agency's] property to the United States has now made this dispute one that is properly to be resolved in the U.S. courts, despite the fact that the parties, contracts, property and alleged tortious conduct all occurred entirely within Mexico." (p. 3 of the Amicus Brief, attached as Exhibit B to Submersible's Response).

Having an interest in the case, the Government of Mexico filed an amicus brief with the court of appeals. In that brief, Mexico argued that the dispute was overwhelmingly concerned with Mexico, that it arose in and was tied to Mexico, and that it should have been resolved in Mexico. It is difficult to see how this position is at odds with the position the Government of Mexico is taking in the present case.

### C. Submersible Misconstrues Perforadora's Other Litigation

Both in its Response to the Amicus Brief and in its other briefing to this Court, Submersible appears to be arguing that because Perforadora has brought certain lawsuits in the United States district courts on other claims, United States law must necessarily apply to the facts of *this* dispute. Submersible appears to be arguing that

6

Perforadora has litigated other claims in United States courts for torts that occurred in Mexico, that Perforadora has sought and received the benefit of U.S. jurisdiction and law for other torts occurring in Mexico, and that therefore U.S. law must be applied in *this* case. However, Submersible's assertions are not well founded, Submersible cites no legal authority for its argument, and Submersible does not explain how or why its purported conclusion must follow from the premises.

Although Perforadora has brought certain claims in United States courts, that fact has no bearing on the present case. The circumstances of those cases are much different from those in the present case. Some of the pleadings adduced by Submersible did not even involve torts occurring in Mexico, but rather involved claims for breach of contract or similar claims, in which at least some of the actions occurred in the United States. In those cases, Perforadora brought suit in the courts where the defendants resided and where a part of the transactions occurred. Even in the pleadings adduced by Submersible that did involve a tort in Mexico, Perforadora brought suit in a United States court because the defendant resided in that district and because the vessel involved in the tort--the vessel on which Perforadora was asserting a maritime lien--was or would be within the district. Although Perforadora did premise *jurisdiction* for some of those cases on the federal court's admiralty jurisdiction, Perforadora did not specify what particular *law* was applicable. As has been mentioned in prior briefing, a federal court's exercise of admiralty jurisdiction does not imply that United States law must be applied. In its

Response to the Motion to Dismiss, Submersible argued that Perforadora must have been seeking the application of United States law because its rights under Mexican law would have been precluded. However, this conclusion does not necessarily follow. Perforadora may have filed under the belief that Mexican law governed. It would have then been up to the defendant to argue that Mexican law did not support a recovery. But even if Perforadora had brought suit under United States law under the facts in that case, it would still not be prohibited from asking and arguing that Mexican law be applied in the present case. But, in any case, from the Government of Mexico's point of view, those other cases are irrelevant. Under the facts and circumstances of this case, the Government of Mexico believes that Mexican law should be applied to this dispute centered on Mexico.

### D.     Mexico Is the Appropriate Forum for This Litigation

All other considerations aside, this Court is simply not an appropriate or convenient forum for the resolution of the present dispute. None of the events occurred in this district and none of the parties, witnesses, or documents are located in this district. In contrast, Mexico has an intimate connection with the events, the parties, the witnesses, the exhibits, and the applicable law.

Under these circumstances, the Government of Mexico respectfully urges that the Court give effect to the doctrine of international comity, recognize the application of Mexican law, and dismiss this dispute on the basis of *forum non conveniens*, so that it can be litigated before the appropriate Mexican tribunal.

Respectfully submitted,

_____
Kenneth G. Engerrand
Attorney-in-charge
Texas State Bar No. 06619500
Southern District of Texas Bar No. 2078
Michael A. Varner
Texas State Bar No. 20499425
Southern District of Texas Bar No. 15111
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (facsimile)

OF COUNSEL:
BROWN SIMS, P.C.

ATTORNEYS FOR THE GOVERNMENT OF THE UNITED MEXICAN STATES, AMICUS CURIAE

## CERTIFICATE OF SERVICE

I certify that on June 26, 2003, an accurate copy of The Government of Mexico's Reply Brief was served on the following counsel by certified mail, return receipt requested:

Michael H. Bagot, Jr.
Thomas A. Rayer, Jr.
Wagner & Bagot, L.L.P.
Poydras Center, Suite 2660
650 Poydras Street
New Orleans, Louisiana 70130-6105

Keith N. Uhles
Royston, Rayzor, Vickery & Williams, L.L.P.
P.O. Box 3509
Brownsville, Texas 78523-3509

Benjamin O. Schupp
Sergio J. Alarcon
Milling Benson Woodward L.L.P.
909 Poydras Street, Suite 2300
New Orleans, Louisiana 70112-1010

Richard A. Stanford
Stanford Law Firm
P.O. Box 42430
Houston, Texas 77242-2430

_____
Michael A. Varner

9