UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 7 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SUBMERSIBLE SYSTEMS, INC. | * | |
| | * | |
| VERSUS | * | C.A. NO. B-03-020 |
| | * | |
| PERFORADORA CENTRAL, S.A. de C.V. | * | RULE 9(h) ADMIRALTY |
| | * | |

REPLY OF PERFORADORA CENTRAL TO SSI'S
RESPONSE TO AMICUS CURIAE BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Perforadora Central, S.A. de C.V. ("Perforadora Central") offers the following reply to SSI's response to the Amicus Curiae Brief:

Faced with little to no legal support for applying United States law to this dispute and having to rely on a prior proceeding nullified by the Fifth Circuit to convince this Court to retain jurisdiction over a foreign dispute, SSI desperately hurls last second accusations of piracy and theft at Perforadora Central.[1] Piracy and theft are criminal actions that are not relevant in this civil suit. The inclusion of these accusations adds nothing to SSI's cause of action or available remedies. These references to theft and piracy are made not in support of any legal argument but solely to "tilt the playing field" in SSI's favor. SSI continues to remold the facts to fit the law.

---

[1] While SSI had included allegations of theft and piracy in paragraphs 16 and 17 of its Complaint in the United States District Court for the Southern District of Mississippi. SSI omitted such allegations from its Petition in this case and, until this point, had refrained from resorting to irrelevant criminal accusations of theft and piracy.

Conversion is a tort, not a crime.[2] SSI simply seeks to impute criminal conduct to Perforadora Central by confusing the issues properly presentable in this civil action. This is not a criminal prosecution. Perforadora Central will not be afforded the constitutional rights granted the criminally accused. Proof 'beyond a reasonable doubt' will not be required in this case. SSI has taken no steps to invoke or prosecute the applicable criminal law of theft or piracy in any jurisdiction. While it is true that the United States has made an appearance in this case, that appearance is to protect its interest in the assets currently under seizure by SSI, not to prosecute a criminal charge of theft or piracy against Perforadora Central.

The cases[3] SSI cites at page 2 of its Reply for the proposition that Perforadora Central's vessel should be considered "stateless" involved criminal prosecutions by the United States Government. Here, a civil action for damages has been lodged wherein a private plaintiff claiming commercial damages demands extra territorial application of United States law to actions and events occurring exclusively in Mexico. In addition to lacking relevance, SSI unsupported criminal allegations of piracy and theft, including SSI's statement that the M/V Don Francisco should be deprived of its nationality, do not displace the law of the flag as a factor in considering what law should be applied to *civil* claims for conversion or punitive damages.

The law of the flag is but one factor of many that point to Mexico in a proper choice of law analysis - - an analysis SSI desperately seeks to avoid. Despite its insistence that U.S. admiralty law

---

[2] "The 'passive personality principle' which asserts that a state may apply law- particularly criminal law-to an act committed outside its territory by a person not its national where the victim of the act is its national [,]....has not been generally accepted for ordinary torts or crimes..." *Neely v. Club Management Services, Inc.*, 63 F.3d 166,185, n.17 (3d Cir. 1995).

[3] SSI cites, *U.S. v. Smith*, 18 U.S. 153 (1820); *U.S. v. Furlong*, 18 U.S. 184 (1820) and *U.S. v. Marino Garcia*, 679 F.2d 1373 (11 Cir. 1982).

is applicable, SSI seeks to avoid *Lauritzen* and other admiralty choice of law decisions, instead focusing on the loading of its equipment in Morgan City and decline of its business in the United States, which are accorded little or no weight under the *Lauritzen* analysis.

While the idea of piracy on the high seas is exotic and possibly exciting, it has nothing to do with the facts of this case. Perforadora Central's vessel was sent to the U.S. by the charterer, Quantum. Perforadora Central did not come to the U.S. with the intention of sailing off with SSI's equipment, although that is exactly what SSI seeks to imply by focusing on the vessel's stop in Morgan City. The crime of piracy involves seizure by force on the high seas. See 18 U.S.C. § 1651,[4] *Davison v. Seals, Skins,* 7 F.Cas. 192 (C.C.Conn. 1835). Piracy must be committed on the high seas. Vessels moored to docks or in the harbor are not upon the high seas and hence, no action taking place thereon can constitute an act of piracy. *The Cuzco,* 225 Fed. 169, 178 (D.C. Wash 1915); *United States v. Rogers,* 150 U.S. 249, 14 S.Ct. 109 (1893). SSI has not and cannot allege any use of force or violence in connection with what it claims was a conversion aboard the vessel. The records of the Mexican proceeding will clearly show, neither Perforadora Central nor anyone employed by them sought to take any of the disputed equipment and claim it for the company or for his own. Clearly, the acts complained of did not take place on the high seas nor did they have any connection to Morgan City.[5] Use of the term "piracy" is clear hyperbole, employed to inflame,

---

[4]Like the Jones Act and anti-trust cases, but unlike SSI case for conversion and punitive damages, Congress has expressly articulated its policy and has defined "Piracy" pursuant to the powers granted its in Article I, Section 8 of the Constitution, and therefore there is a basis for extraterritorial application of US law for the criminal act of piracy on the high seas.

[5]The Fifth Circuit held, "Any tort committed by Central was committed solely in Mexico." *Submersible Systems Incorporated v. Perforadora Central, S.A. de C.V.,* 249 F.3d 413, 418 (5 Cir. 2001).

prejudice and excite the Court and others. There was no piracy and there was no theft.

SSI seeks to use the previous litigation in Mississippi as to support the building block for its current argument against a *forum non conveniens* dismissal and, in fact, for its entire trial strategy, believing it already has the case "in the bag." Yet, the course of the previous litigation showed that the very private and public interest factors the Mississippi court found to favor SSI and retention of the case in Mississippi, made litigation in the United States unjust and very expensive and inconvenient for Perforadora Central. The Mississippi court abused its discretion in retaining a case concerning a localized Mexican controversy, solely to protect a Louisiana company, foreign to its own forum, that voluntarily and aggressively marketed its services in Mexico. Most troubling was that court's decisions to apply US admiralty law to circumstances so clearly connected to Mexico and so overwhelmingly disconnected to the United States in general, and to Mississippi in particular. Mexico clearly has the greatest connection to the events giving rise to this suit and the greatest interest in applying its laws. A fair analysis of contacts, whether it be pursuant to Admiralty law, Mississippi law, Texas law or the Restatement of Conflict of Laws, unavoidably leads to the application of Mexican law.

While it is true the Fifth Circuit did not reach those assignments of error that touched on *forum non conveniens* and choice of law, the Fifth Circuit overturned the Mississippi proceeding on the first and most basic assignment of error - lack of personal jurisdiction. It is based on the record of this proceeding, a nullity from its inception, that SSI purports to support its arguments on *forum non conveniens*, choice of law and try its case before this Court. The reality is that the trial of this dispute pursuant to Mexican law (whether in Mexico or in Texas) would require fewer witnesses and a fraction of the exhibits required if U.S. law were applicable. Trial in Mexico would be no more

inconvenient or expensive to SSI than trial in Texas.

Mexico has a legitimate interest in avoiding excessive liability and limiting recovery for torts to actual damages. Most civil law jurisdiction prohibit punitive damages. It would be unfair for this Court to sit in judgment over the public policies of a co-equal sovereign, especially when similar decisions made by the several states of the U.S. have been upheld against Constitutional attacks even in wrongful death actions. See *In Re Crash Disaster Near Chicago*, 644 F.2d 594, 510 (7th Cir. 1981), citing *In Re Paris Air Crash, 622 F.2d 1315* (9th Cir. 1980); *Huff v, White Motor Corp.*, 609 F.2d 286 (7th Cir. 1979); *Johnson v. Ford Motor Co.*, 487 F.Supp. 1176 (D.N.D. 1980). In any event, the law applicable to the case should not vary according to were SSI has chosen to sue.

## CONCLUSION

For all the foregoing and previously presented reasons, the motion of Perforadora Central to dismiss this case on *forum non conveniens* grounds for a proper trial in Mexico and, alternatively, for the application of Mexican law, should be granted.

Respectfully submitted,

OF COUNSEL:
ROYSTON, RAYZOR, VICKERY
& WILLIAMS, L.L.P.

KEITH UHLES (Tex Bar No. 20371100)
(S.D. Tex. No. 1936)
55 Cove Circle
Brownsville, TX 78523-3509
Telephone: (956) 542-4377
Facsimile: (956) 542-4370

MILLING BENSON WOODWARD, L.L.P.

JAMES K. IRVIN (#7166)
BENJAMIN O. SCHUPP (#21074)
SERGIO J. ALARCON (#24740)
909 Poydras Street, Suite 2300
New Orleans, LA 70112-1010
Telephone: (504) 569-7000
Facsimile: (504) 569-7001
**Attorneys for Perforadora Central S.A. de C.V.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document has been served upon all counsel of record by United States Mail, postage prepaid and properly addressed, this _____ day of June, 2003.

**Of Royston, Rayzor, Vickery & Williams, L.L.P.**