UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SUBMERSIBLE SYSTEMS, INC. | ) | CIVIL ACTION |
| V. | ) | NO. B-03-020 |
| PERFORADORA CENTRAL, S.A. de C.V. | ) | RULE 9(h) ADMIRALTY |

### MOTION TO INTERVENE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BILLY KENON, by and through his attorney, Dennis Sanchez, and moves this Honorable Court for leave to intervene in the above-styled and numbered cause of action, and in support thereof would respectfully show unto the Court as follows:

I.

On or about January 2003, SUBMERSIBLE SYSTEMS, INC., Plaintiff herein, instituted the above-styled and numbered action against PERFORADORA CENTRAL, S.A. de C.V. The nature of Plaintiff's claim is set forth more fully in its verified complaint on file in the instant case.

II.

On or about January 2003 Plaintiff filed an application to allow Mr. Billy Kenon to act as Substitute Custodian of CENTRAL TONALA, a jack-up rig under construction at AMFELS, Inc. Shipyard in Brownsville, Texas which had been arrested in connection with this case by order of this Court.

III.

On January 21, 2003, this Court granted Plaintiff's application and Mr. Billy Kenon assumed his duties as Substitute Custodian of the Defendant Vessel, CENTRAL TONALA, as ordered.

IV.

On July 11, 2003, this Court issued its Order appointing Defendant, PERFORADORA CENTRAL as custodian of the vessel until further order of this court, relieving Mr. Billy Kenon from custodial duties and possession of the vessel TONALA, effective immediately.

V.

Movant alleges that he has expended time and services in performing his role as substitute custodian. Movant further alleges that he advised the Plaintiff's attorneys of the terms and conditions of his services and fees related thereto prior to their preparation and filing of the motion to appoint him as substitute custodian. The Plaintiff's attorneys never advised Movant that they were unwilling to abide by the per diem fee which he was charging. Accordingly, upon his release from custodial duties and possession of the vessel TONALA, Mr. Kenon presented his invoice to Plaintiff's attorneys for payment which invoice totals $51,722.00 and remains unpaid at this date. A copy of such invoice is attached hereto and made a part hereof for all purposes as EXHIBIT A.

VI.

Movant understands that Plaintiff's attorneys do not agree with, or are willing to pay, Movant's invoice, and Movant therefore seeks to recover his custodial fees as a contractual claim against the Plaintiff, or as *custodia legis* expenses, fees, or both. Movant therefore seeks to intervene to file a complaint and application for payment of custodian fees against Plaintiff for Plaintiff's contractual claim, and Movant has prepared a proposed Complaint in Intervention and Application

for Payment of Custodian Fees, a copy of which is attached hereto as EXHIBIT B and incorporated herein for all purposes.

WHEREFORE, PREMISES CONSIDERED, Movant, Mr. Billy Kenon, prays that he be permitted to intervene and file hisComplaint In Intervention and Application for Payment of Custodian Fees.

Respectfully submitted,

By: _____
Dennis Sanchez
SBN 17569600

OF COUNSEL:

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 - Fax

ATTORNEY FOR INTERVENOR,
BILLY KENON

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule, the undersigned contacted Jim Hunter, of Royston, Rayzor, Vickery & Williams, L.L.P., counsel for Defendant, by telephone and Michael H. Bagot, Jr., of Wagner & Bagot, LLP , counsel for Plaintiff, by telephone, with respect to the foregoing Motion to Intervene, and after having spoken with both of them, and not having received a definitive response, the Movant assumes and believes that they are opposed to the filing of the Motion to Intervene.

_____
Dennis Sanchez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served by facsimile and by United States Certified Mail, Return Receipt Requested, properly addressed to all counsel of record on this __16__ day of July, 2003, as follows:

Keith Uhles
ROYSTON, RAYZOR, VICKERY
& WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, TX 78523

Michael H. Bagot, Jr.
Thomas A. Rayer, Jr.
WAGNER & BAGOT, L.L.P.
Poydras Center, Ste. 2660
650 Poydras Street
New Orleans, LA 70130

James K. Irvin
Benjamin O. Schupp
Sergio J. Alarcon
MILLING, BENSON, WOODWARD, L.L.P
909 Poydras Street, Ste. 2300
New Orleans, LA 70112

Arthur L. Shaffer
Matthew D. Shaffer
Dennis M. McElwee
SCHECHTER, McELWEE & SHAFFER, L.L.P.
3200 Travis
Houston, TX 77006

Counsel for: Perforadora Central, S.A. de C.V.

Counsel for: Submersible Systems, Inc.

_____
Dennis Sanchez

# Marine Salvage & Services, inc.

P.O. Box 416 Port Isabel, Texas 78578
Tel. 956-943-2648   956-943-5041   Fax 956-943-4516

July 14, 2003

Michael Bagot, Attorney
Wagner & Bagot, LLP
650 Poydras Street, Suite 2660
New Orleans, La. 70130

INVOICE 052903RNL

January 22, 2003 - Called out by Matt Shaffer and Mike Boget to seize Central Tanawa Rig.

Daily custodial log:
| | | |
|---|---|---|
| January 22, 2003 through January 31, 2003 | 10 days | |
| February 1, 2003 through February 28, 2003 | 28 days | |
| March 1, 2003 through March 31, 2003 | 31 days | |
| April 1, 2003 through April 30, 2003 | 30 days | |
| May 1, 2003 through May 30, 2003 | 30 days | |
| June 1, 2003 through June 30, 2003 | 30 days | |
| July 1 through July 11, 2003 | 11 days | |

TOTAL DAYS    170 @ $250.00 per day...............$42,500.00

Initial seizure fee.......................................................................$   250.00
One Captain - 3 hrs. @ $48.00 per hr...............................................$   144.00
One Mate - 3 hrs. @ $26.00 per hr....................................... $    78.00

TOTAL.................$   472.00





MARINE SALVAGE    POLLUTION CONTROL    MARINE CONSTRUCTION    DIVING    REPAIRS

EXHIBIT A

Mr. Michael Bagot, Attorney
Wagenr & Bagot, LLP
July 14, 2003
Page 2

Insurance coverage to Marshall's Office $1,000,000.00:
  6 months @ $1,500.00 per month……………………………….....$ 9,000.00

              GRAND TOTAL….$51,972.00

          Payment of initial seizure fee……………-$     250.00

              FINAL TOTAL…...$51,722.00


REQUEST FOR IMMEDIATE PAYMENT.


cc: Keith Uhles, Attorney
  55 Cove Circle
  Brownsville, texas 78523-3509



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SUBMERSIBLE SYSTEMS, INC. | ) | CIVIL ACTION |
| V. | ) | NO. B-03-020 |
| PERFORADORA CENTRAL, S.A. de C.V. | ) | RULE 9(h) ADMIRALTY |

COMPLAINT IN INTERVENTION AND
APPLICATION FOR PAYMENT OF CUSTODIAL FEES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BILLY KENON, by and through his attorney, Dennis Sanchez, and files this his Complaint In Intervention and Application for Payment of Custodial Fees against SUBMERSIBLE SYSTEMS, INC., and would respectfully allege unto this Honorable Court as follows:

1.  The jurisdiction of this case has been stated in Plaintiff's Verified Complaint and currently exists. The Jack-Up Rig CENTRAL TONALA being constructed at the Shipyard of Amfels, Inc. in Brownsville, Cameron County, Texas, and owned by PERFORADORA CENTRAL, S.A. de C.V., is presently in *custodia legis,* having been seized by the United States Marshal for the District on or about January 21, 2003, upon the filing of a Complaint herein by SUBMERSIBLE SYSTEMS, INC.

2.  At all times material hereto Intervenor has been a resident of Port Isabel, Texas doing business at 416 West South Shore Drive wherein he operates a marine salvage business, together with other business ventures.

3.  At the outset of this case, Intervenor was called by Matt Shafer and Mike Bagot, counsel for the Plaintiff, regarding Intervenor's willingness to act as Substitute Custodian of the seized vessel. Intervenor advised Plaintiff's counsel that he was willing to act as substitute custodian and that his fee for acting as custodian in this type of case would be $250.00 per day, plus out-of-pocket expenses. Plaintiff's counsel proceeded to file an application to appoint Intervenor as substitute custodian, which motion was granted on the 21st day of January, 2003. Intervenor proceeded to perform and fulfill his duties until he was relieved of his responsibilities on July 11, 2003. Intervenor then presented his invoice for services to Plaintiff by and through its attorneys, which invoice totals $51,722.00 and remains unpaid at this date. A copy of such invoice is attached hereto and made a part hereof for all purposes as EXHIBIT A.

4.  Intervenor has learned that there may be some opposition or reluctant on the part of Plaintiff or other interested parties, to pay Intervenor the contractual amount which was agreed upon by Intervenor and Plaintiff's counsel.

5.  Intervenor alleges he entered into a contract with Plaintiff by and through Plaintiff's counsel and that Intervenor has fully performed under such agreement and that Plaintiff has failed to perform by refusing or failing to pay the agreed upon custodial fees, for which Intervenor hereby sues..

6.  On January 21, 2003, this Court granted the application of Plaintiff by entry of an Order which stated in part... "that all reasonable expenditures which may be incurred by the United States of America and the substitute custodian, or any party advancing funds to the substitute custodian, in safekeeping and maintaining the vessel while in *custodia legis*, shall be administrative expenses in this action and a first charge on the defendant vessel herein, to be paid prior to the release of the vessel or the distribution of proceeds of the sale of the vessel, said expenses, if any, to be approved

by application to this Court." Alternatively, and without waiving the foregoing, Intervenor seeks to recover the fees as a *custodia legis* expense.

WHEREFORE, PREMISES CONSIDERED, Intervenor requests that this Court set a hearing, telephonically or otherwise, at which time to determine the amount of *custodia legis* expenses which Mr. Billy Kenon will be allowed to collect in payment for his services and a reasonable time in which said amount shall be paid to him.

                                          Respectfully submitted,

By: _____
Dennis Sanchez
SBN 17569600

OF COUNSEL:                        SANCHEZ, WHITTINGTON, JANIS
                                                  & ZABARTE, L.L.P.
                                                  100 North Expressway 83
                                                  Brownsville, Texas 78521-2284
                                                  (956) 546-3731 - Telephone
                                                  (956) 546*3765 - Fax
                                                  ATTORNEY FOR INTERVENOR,
                                                  BILLY KENON

<u>VERIFICATION</u>

THE STATE OF TEXAS     )

COUNTY OF CAMERON    )

 BEFORE ME, the undersigned authority, on this day personally appeared BILLY KENON, who being by me first duly sworn, on oath, deposed and said:

 "My name is Billy Kenon, Intervenor/Applicant in the above entitled and numbered action. In my capacity as Substitute Custodian of the Defendant Vessel, CENTRAL TONALA, from January 22, 2003 to July 11, 2003, I have custody of the records concerning the account of the Defendant Vessel. I have read the foregoing Complaint in Intervention and Application for Payment of Substitute Custodian Fees and the contents thereof are true and correct to the best of my own personal knowledge.

FURTHER AFFIANT SAITH NOT.

_____
BILLY KENON

 SWORN TO AND SUBSCRIBED BEFORE ME by the said BILLY KENON, to certify which witness my hand and seal of office this /6TH day of July, 2003.

_____
Notary Public, State of Texas

My Commission Expires:



CHRISTINA LOGAN
Notary Public, State of Texas
My Commission Expires
June 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint In Intervention and Application for Payment of Custodian Fees has been served by facsimile and by United States Certified Mail, Return Receipt Requested, properly addressed to all counsel of record on this _16_ day of July, 2003, as follows:

| | |
|---|---|
| Keith Uhles<br>ROYSTON, RAYZOR, VICKERY<br>& WILLIAMS, L.L.P.<br>55 Cove Circle<br>Brownsville, TX 78523 | Michael H. Bagot, Jr.<br>Thomas A. Rayer, Jr.<br>WAGNER & BAGOT, L.L.P.<br>Poydras Center, Ste. 2660<br>650 Poydras Street<br>New Orleans, LA 70130 |
| James K. Irvin<br>Benjamin O. Schupp<br>Sergio J. Alarcon<br>MILLING, BENSON, WOODWARD, L.L.P<br>909 Poydras Street, Ste. 2300<br>New Orleans, LA 70112 | Arthur L. Shaffer<br>Matthew D. Shaffer<br>Dennis M. McElwee<br>SCHECHTER, McELWEE & SHAFFER, L.L.P.<br>3200 Travis<br>Houston, TX 77006 |
| Counsel for: Perforadora Central, S.A. de C.V. | Counsel for: Submersible Systems, Inc. |

_____
Dennis Sanchez

# Marine Salvage & Services, inc.

P.O. Box 416 Port Isabel, Texas 78578
Tel. 956-943-2648   956-943-5041   Fax 956-943-4516

July 14, 2003

Michael Bagot, Attorney
Wagner & Bagot, LLP
650 Poydras Street, Suite 2660
New Orleans, La. 70130

INVOICE 052903RNL

January 22, 2003 - Called out by Matt Shaffer and Mike Boget to seize Central Tanawa Rig.

Daily custodial log:

| | |
|---|---|
| January 22, 2003 through January 31, 2003 | 10 days |
| February 1, 2003 through February 28, 2003 | 28 days |
| March 1, 2003 through March 31, 2003 | 31 days |
| April 1, 2003 through April 30, 2003 | 30 days |
| May 1, 2003 through May 30, 2003 | 30 days |
| June 1, 2003 through June 30, 2003 | 30 days |
| July 1 through July 11, 2003 | 11 days |

TOTAL DAYS     170 @ $250.00 per day...............$42,500.00

Initial seizure fee.................................................................$   250.00
One Captain - 3 hrs. @ $48.00 per hr...................................$   144.00
One Mate - 3 hrs. @ $26.00 per hr......................................$    78.00

TOTAL.............$   472.00





MARINE SALVAGE     POLLUTION CONTROL     MARINE CONSTRUCTION     DIVING     REPAIRS

EXHIBIT A

Mr. Michael Bagot, Attorney
Wagenr & Bagot, LLP
July 14, 2003
Page 2

Insurance coverage to Marshall's Office $1,000,000.00:
    6 months @ $1,500.00 per month......................................$ 9,000.00

                                           GRAND TOTAL....$51,972.00

                                 Payment of initial seizure fee...............-$   250.00

                                             FINAL TOTAL......S51,722.00

REQUEST FOR IMMEDIATE PAYMENT.

cc: Keith Uhles, Attorney
    55 Cove Circle
    Brownsville, texas 78523-3509